Emil Meyer and Anna Mae Meyer, Plaintiffs and Cross-Appellants, v. Leonard Ranson, Defendant and Cross-Appellee.

Gen. No. 66–86.

Fifth District.

February 24, 1967.

Byron L. Connell, of Mounds, for appellants.

Berbling & Spomer, of Cairo, for appellees.

GOLDENHERSH, J.

Defendant appeals, and plaintiffs cross appeal, from the decree of the Circuit Court of Pulaski County, denying relief to plaintiffs on their complaint, and to defendant on his cross complaint.

In their complaint plaintiffs allege that prior to August 21, 1962, they owned a parcel of land, during 1961 and

1962 plaintiffs had employed defendant to sell the land, defendant, in the course of his employment as plaintiffs' agent received bona fide offers for the parcel in excess of $130 per acre, which offers he failed to communicate to plaintiffs, plaintiffs were led to believe the premises were not reasonably worth more than $130 per acre, and were induced to sell and convey the land to defendant for $57,850, subsequently defendant boasted he would sell the real estate at a profit of $50,000, plaintiffs would not have agreed to sell at the price paid had defendant disclosed to plaintiffs the value of the land and the offers received therefor, that on December 19, 1962, defendant sold the land for $251.75 per acre, being in the aggregate $112,000, subsequently the contract of sale was amended to provide a price of $97,500. Plaintiffs pray that the court order an accounting, hold that defendant held the real estate in trust at the time of his sale thereof, and that defendant be required to assign to plaintiffs the contract for sale providing for payment, in instalments, of the sale price.

Defendant answered, denying the material allegations of the complaint, and filed a cross complaint alleging that plaintiffs sold him a farm comprised of 444.84 acres at $130 per acre, totalling $57,850, all of which has been paid, that defendant cleared many acres of trees and brush, improved access roads and ditches, expending therefor more than $15,000; in December, 1962, he sold the land for $112,000, payable in instalments over a period of 10 years, his purchasers caused the land to be surveyed and the survey showed that the farm contained 387.246 acres, 57.594 less than conveyed and warranted by plaintiffs, as a result of the survey defendant was required to reduce the sale price to $97,500, and was further required to expend $700, being one-half of the cost of the survey, plaintiffs were advised of the shortage, but refused to pay their portion of the loss; defendant prays judgment in the amount

177

of $25,000. In their answer, plaintiffs denied the material allegations of the cross complaint.

Plaintiffs, in order to prevail in their action against defendant, must prove that the relationship of principal and agent existed between the parties. The relationship of principal and agent is a fiduciary one, Doner v. Phoenix Joint Stock Land Bank of Kansas City, 381 Ill 106, 45 NE2d 20; Belleson v. Ganas, 394 Ill 557, 69 NE2d 321. In Bennett v. Hodge, 374 Ill 326, 29 NE2d 524, the Supreme Court said, at page 330: "Where it is sought to establish a fiduciary relation by parol evidence, the proof must be clear, convincing and so strong, unequivocal and unmistakable as to lead to but one conclusion." On review, the findings of the trial court will not be disturbed unless they are manifestly against the weight of the evidence, Schnepper v. Ashlock, 404 Ill 417, 88 NE2d 853.

It is not essential to this opinion to include herein a review of the testimony adduced in the trial of plaintiffs' cause of action, and since to do so would be of no precedential value, we deem it sufficient to say that we have carefully examined the testimony and cannot say that the trial court's findings are against the manifest weight of the evidence.

The evidence shows that on August 21, 1962, plaintiffs and defendant entered into a contract for the sale of plaintiffs' farm to defendant for the sum of $57,850. On August 29, 1962, by warranty deed, plaintiffs conveyed the real estate to defendant and his wife. The parties testified that $10,000 was paid plaintiffs when the contract was signed, and the balance of the purchase price was paid when the deed was delivered.

On December 19, 1962, defendant and his wife entered into a contract with Kermit and Frances Shelby for the sale of the same farm for the sum of $112,000, payable $12,000 when the contract was signed, nine payments of $10,000 each, payable January 1, 1964, and annually

thereafter, these payments to include interest at the rate of 5% per annum on the balance remaining unpaid, and a final payment of all principal and interest due on January 1, 1973.

The contract entered into on August 21, 1962, the warranty deed executed on August 29, 1962, and the contract of December 19, 1962, contain identical descriptions of the real estate.

A second contract also dated December 19, 1962, entered into between defendant and his wife, and Kermit and Frances Shelby, is also in evidence. This contract provides for a purchase price of $97,500, contains a different description, and provides for annual payments of $8550. In all other respects the two contracts are identical.

Defendant testified that after he purchased the farm from plaintiffs, he made a number of improvements, and thereafter entered into the first agreement with the Shelbys. He stated that in arriving at the price at the time of the purchase from plaintiffs, the price was $130 per acre, totalling $57,850. After the sale to the Shelbys, the Shelbys insisted on a survey, as the result of which the shortage in excess of 57 acres was discovered, and the price to the Shelbys was adjusted, resulting in the execution of the second contract. On April 22, 1963, defendant's attorney wrote a letter to plaintiffs in which he informed them the survey had been made, and the results thereof, stated that defendant had been required to adjust the sale price with the Shelbys and requesting that plaintiffs communicate with him. Instead of communicating with defendant's attorney, plaintiffs filed this suit.

Although the deed by means of which plaintiffs acquired title to the premises is not in evidence, plaintiff, Emil Meyer, testified that it contained the same description as is found in the contracts between plaintiffs and defendant, the deed from plaintiffs to defendant

179

and his wife, and the first contract entered into between defendant and his wife, and the Shelbys. The description is lengthy but in essence purports to describe "All of the lands southwesterly of the C. & E. I. Railroad" in designated quarters of a specific section, and "all the lands that are situated southwesterly of the C. & E. I. Railroad" in the north half of another section, except a strip of land 50 feet in width adjacent to the railroad right-of-way. The parcels, and the strip excepted, are described as containing a certain number of acres "more or less," but the description, after reciting the exception concludes "leaving 444.84 acres hereby conveyed." The description in the second contract with the Shelbys is stated in metes and bounds, set forth in great detail, and concluding with the statement that the parcel contains 387.246 acres.

Defendant contends that the price at which he bought the land from the plaintiffs was $130 per acre, and he is entitled to a judgment in the amount of $7487.22, being the price per acre multiplied by the number of acres found to be short as the result of the survey. Plaintiffs contend that the sale was on a gross or lump-sum basis, and the number of acres stated in the deed is immaterial.

It is clear from the testimony of the plaintiff, Emil Meyer, and of the defendant, that at the time of arriving at the price at which the farm was sold, all parties computed it on the basis of $130 per acre. The questions presented are whether in view of the mutual mistake, in the absence of proof of fraud, defendant is entitled to relief, and if so, since he does not seek rescission, what is the measure of damages.

In Tope v. Tope, 370 Ill 187, 18 NE2d 229, the Supreme Court said, at page 194: "The established rule of construction in Illinois is that where a tract of land is conveyed by proper description the boundaries thus included will control as to the quantity of acres, and in case of

deficiency the grantee will have no remedy, and in case of excess the grantor will have no remedy. The mention of the number of acres, in such case, has no legal effect. (Citing cases.)"

In Binder v. Hejhal, 347 Ill 11, 178 NE 901, at page 20, the court said: "The rule in regard to the sale of a tract of land in gross by its proper governmental description, or by any other specific description by which its exact boundaries may be determined, is, that these boundaries will control the description in case of a discrepancy as to the quantity or number of acres, and neither the purchaser nor the seller will have any remedy against the other for any excess or deficiency in the quantity stated unless the excess or deficiency is so great as to raise a presumption of fraud; and where a sale of an entire tract of land by metes and bounds for a gross sum has been made and the parties have acted in good faith and no fraudulent representation has been made, neither party will be bound by a statement as to the quantity or number of acres contained in the tract except where such statement is expressly or by necessary implication made the essence of the contract. Wadhams v. Swan, 109 Ill 46."

█ It appears from the evidence that all parties knew the parcel involved, and plaintiffs agreed to sell the land owned by them in the enumerated sections. The survey is not in evidence, and there is no proof that the description used in the conveyance to defendant is not the proper governmental description, nor that the exact boundaries of the land could not be determined therefrom. There is no evidence either of lack of good faith or of fraudulent representation. Under the circumstances the rule enunciated in the opinions quoted from applies, and the mention of the number of acres is of no effect.

█ Defendant argues that because the description in the contract and deed does not contain the phrase

181

"more or less" after stating the number of acres to be conveyed to be 444.84, plaintiffs warranted this to be the exact number of acres in the farm. In view of the qualification that each component parcel, and the strip excepted, contained a stated number of acres "more or less," we are unable to see how the final figure could fail to be likewise so qualified.

Because we conclude that the judgment of the trial court denying defendant relief on his cross complaint must be affirmed, we do not discuss the question of what measure of damages is applicable.

For the reasons herein set forth, the decree of the Circuit Court of Pulaski County is affirmed.

Decree affirmed.

EBERSPACHER and MORAN, JJ., concur.