LESTER O. DILLENBERGER *et al.*, Plaintiffs-Appellants, *v.* GEORGE P. ZIEBOLD, Trustee, Defendant-Appellee.

Fifth District    No. 78-174

Opinion filed March 30, 1979.

Crowder & Associates, Ltd., of Columbia, for appellants.

Donald J. Dahlmann, of Walker & Williams, of Belleville, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiffs-buyers appeal from the judgment of the Circuit Court of Monroe County in favor of defendant-seller in an action for damages arising out of the sale of real estate at a public auction.

Edmund Kueker, a professional auctioneer, was employed by defendant George P. Ziebold, the successor trustee of the Ziebold trust, to sell certain trust property known as "Moredock Lake Farm." Prior to the auction, Mr. Kueker prepared a sale bill to advertise the upcoming sale. The sale bill, which contained an aerial photograph of the farm, stated that the property consisted of approximately 386 acres, of which 225 were tillable. These figures were obtained by the auctioneer from the Agricultural Stabilization and Conservation (ASC) Office, a government agency.

On the day of the auction, Mr. Kueker posted a plat of the property which was prepared by Bob Gardner, a land surveyor. The plat, compiled from various county records and not from an actual survey of the property, indicated that the total acreage of the farm was approximately 352 acres. The plat also indicated that 118 acres of the property consisted of Moredock Lake. Both Mr. Kueker and Mr. Gardner testified that the other had supplied this figure. Prior to the sale, Mr. Kueker announced that the total acreage on the sale bill was incorrect and that he was selling the farm as described on the plat.

The procedure used by the auctioneer to sell the farm was to first take bids on three separate tracts consisting of (a) the lake, (b) the house and five acres, and (c) the remaining land. Next, he would take bids on two tracts consisting of (a) the lake and (b) the house and the land. Lastly, he would sell the property as one parcel. The property was to be sold by whichever of the three methods of sale produced the highest cumulative price.

A transcript of the auction was prepared from a tape and admitted into evidence. At the auction, Mr. Kueker stated that if the property were sold in separate tracts, the seller would provide a survey. He further stated that "if it is sold as a unit it will not be surveyed. In other words, you are buying it like it is."

The lake was the first property offered for sale. The auctioneer stated that the lake contained approximately 118 acres and that this figure was supplied by Mr. Gardner who had prepared the plat. After the highest bids were received on the lake, and subsequently on the home and five-acre tract, the auctioneer proceeded to take offers on the remaining land.

Mr. Kueker stated that this land consisted of approximately 229 acres but did not state whether it was tillable.

Once bids were received on the three separate tracts, the auctioneer proceeded to take the highest bids on the farm as divided into two separate units and as one parcel. Plaintiffs' offer of $321,000 for the undivided farm was higher than the cumulative bids on the separate tracts and therefore was accepted.

After the purchase, plaintiffs hired Bob Gardner to survey the lake. The results of the survey revealed that the acreage of the lake was 145.45 acres as compared to the 118-acre figure stated by the auctioneer on the day of the sale. Plaintiffs, who were farmers, calculated that they had received 27.45 more acres of lake and consequently 27.45 acres less of tillable land. The seller offered to repurchase the property but plaintiffs refused to sell because they had made improvements on the property and had prepared the land for spring cropping. Thereafter, plaintiffs initiated this present action seeking damages as a result of the apparent acreage discrepancy.

■■ Plaintiffs first contend that the auction of the real estate included a specific number of acres of lake property and tillable land and that there was a gross deficiency in the actual tillable acres received. A careful search of the record reveals that no representations were made on the date of the auction concerning the amount of tillable acres to be sold. The original sale bill advertising the auction indicated that there were 386 acres of land on the farm of which 225 were tillable. But, on the day of the sale, the auctioneer specified that the sale bill was incorrect and that he was going to sell the farm as described on the plat prepared by Bob Gardner. This plat, which was posted at the auction, properly recorded the boundaries of Moredock Lake Farm. The plat indicated that approximately 352 acres were being sold and that approximately 118 acres were covered by the lake. It did not indicate that there were 229 acres of tillable land. After the auctioneer had taken bids on the lake and the home, he repeatedly stated that he would accept bids on "the remaining land." While he represented that it encompassed 229 acres, he did not state that it was tillable. Plaintiffs cannot now assert that they received fewer tillable acres than represented by the auctioneer when it was never clear how many tillable acres were to be sold in the first instance.

■■ Plaintiffs place great emphasis on the fact that they received 145.45 acres of lake rather than the 118 acres as indicated on the plat. But the auctioneer clearly stated that the property would not be surveyed if it were sold as a unit and that the purchaser would then take the property "like it is." As stated by the trial court:

> "The court cannot find that plaintiffs suffered a deficit in the number of acres received in that the evidence proved only the size

of the lake acreage after the sale. No survey was made of the entire farm nor of the specific amount of tillable acres. For the court to accept plaintiffs' theory of damages based solely upon a survey of the lake absent any showing of the precise number of tillable acres in the farm would be pure speculation, guess and conjecture."

Furthermore, when the property was sold as a unit it was impossible to identify how much plaintiffs paid for each of the three separate tracts. As plaintiffs did not bid separately on the home and the lake there is no way of determining the value attributed to the various parcels of the property.

■■ ■ Plaintiffs further argue that even if the property were sold on a gross or lump sum basis rather than per acre, they are still entitled to recover because the specific acreage included in each parcel was made the essence of the contract. (See *Wadhams v. Swan.* 109 Ill. 46 (1884); *Meyer v. Ranson*, 80 Ill. App. 2d 175, 224 N.E.2d 293 (5th Dist. 1967); *Rotermund v. Lauritzen*, 225 Ill. App. 170 (1922).) As stated in *Wadhams v. Swan*:

"The general rule unquestionably is, that where a tract of land is sold for a sum in gross, by its proper numbers, as indicated by the government survey, or by any other specific description by which its exact boundaries are or may be determined, the boundaries to be thus ascertained, in case of a discrepancy, will control the description as to the quantity or number of acres, and in such case neither the purchaser nor the vendor will have a remedy against the other for any excess or deficiency in the quantity stated, unless such excess or deficiency is so great as to raise a presumption of fraud. [Citations.] It may be stated as a limitation on the above proposition, that assuming the parties to be acting in good faith, and that there has been no fraudulent misrepresentation of any kind, upon a sale of an entire tract of land by metes and bounds, for a gross sum, neither party will be bound by a statement as to the quantity or number of acres contained in the tract, except where such statement is expressly, or by necessary implication, made the essence of the contract." (109 Ill. 46, 56-57.)

In the present case, it is clear that the sale of the property was on a lump sum basis. "A sale of a farm or tract, by name or general description, is a sale in gross and acreage is not the basis of the contract, even though it is mentioned by way of description." (*May v. Nyman*, 3 Ill. App. 3d 580, 584, 278 N.E.2d 97, 100 (3d Dist. 1972).) In addition, the plat posted on the day of the auction specified the exact boundaries of the property actually conveyed to plaintiffs. Although plaintiffs received a larger lake than they had originally expected, plaintiffs bid upon and purchased an entire farm, and not three separate tracts of land.

■■ In conclusion, we adopt the following language of the trial court:

"If specific conditions of the sale were the essence of the contract

between the parties, those conditions must be mutually understood and agreed upon by the parties. * * * There was no evidence that the property was being sold on a per acre basis nor that delivery of a specific number of tillable acres was required for exact performance of the contract. Accordingly, the court finds that the presence of a stated number of tillable acreage was neither expressly nor by necessary implication made the essence of the contract."

For the reasons stated, the judgment of the Circuit Court of Monroe County is affirmed.

Affirmed.

G. MORAN, P. J., and JONES, J., concur.