ANDREW HOLEC, Plaintiff-Appellant, v. HEARTLAND BUILDERS, INC., Defendant-Appellee.

Second District   No. 2—91—1252

Opinion filed September 15, 1992.

Thomas A. Else, of Hieber & Else, of Oak Lawn, for appellant.

Carolyn S. Roscich, of Roscich & Roscich, of Naperville, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Andrew Holec, appeals the circuit court's order granting summary judgment to defendant, Heartland Builders, Inc. Plaintiff sued defendant for damages resulting from defendant's allegedly improper proration of real estate taxes in connection with plaintiff's purchase of a home from defendant. On appeal, plaintiff contends that the court erred in holding that the sales contract merged into the deed, thereby precluding plaintiff's recovery.

The facts are not in dispute. On July 5, 1989, plaintiff entered into a contract with defendant to purchase a home which defendant had constructed in Naperville. The contract provided that defendant

would be responsible for unpaid real estate taxes for the period defendant occupied the property. Paragraph 14 provided:

"General real estate taxes shall be prorated as of the closing date on the basis of the tax assessor's latest assessed valuation, the latest known equalization factors, and the latest known tax rate."

The closing took place on July 28, 1989. Plaintiff received a credit of $706.92 for unpaid 1989 real estate taxes, calculated on the basis of "209 days at 3.38 per day."

When plaintiff received the tax bill for 1989, it showed an actual tax liability for the first 209 days of 1989 of $4,553.12. Plaintiff filed a complaint in the circuit court of Du Page County seeking $3,846.20, the difference between the credit plaintiff received at closing for real estate taxes for the first 209 days of 1989 and the amount actually due for that period.

At his deposition, defendant's president, Don Smyczynski, testified that he believed his attorney calculated the tax proration based on the 1988 tax bill. Smyczynski believed that this procedure complied with the contract.

On January 2, 1989, the house had been substantially completed, and the Du Page Township assessor's office reassessed the property as improved real estate. On or about February 15, the reassessment was spread of record on the books of the Du Page Township assessor. Defendant, however, did not receive notice of the reassessment until sometime after July 31, 1991.

The parties filed cross-motions for summary judgment. Plaintiff contended that a mutual mistake occurred regarding the tax proration and that defendant had been unjustly enriched by paying only a fraction of the taxes that were actually due.

In its motion, defendant contended that plaintiff accepted its deed to the property and any error in failing to follow the contract requirements merged into the deed, barring plaintiff's recovery. In the alternative, defendant argued that plaintiff waived any error by signing the closing statement.

The court denied plaintiff's motion for summary judgment and granted defendant's motion. Plaintiff timely appealed.

On appeal, plaintiff contends that the court improperly applied the doctrine of merger to this cause. In response, defendant reiterates its merger and waiver arguments.

A motion for summary judgment should only be granted when the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c); *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) In the instant case, the parties agree that there is no genuine issue of material fact, but disagree concerning which party is entitled to judgment as a matter of law.

■ Plaintiff contends the trial court incorrectly applied the doctrine of merger to bar his cause of action. When the terms of a contract for the sale of real estate are fulfilled by the delivery of the deed, there is a merger of the two instruments, and the deed supersedes all the contract provisions. (*Mallin v. Good* (1981), 93 Ill. App. 3d 843, 845; *Harris Trust & Savings Bank v. Chicago Title & Trust Co.* (1980), 84 Ill. App. 3d 280, 283.) However, exceptions to the rule exist where the executory contract contains provisions collateral to and independent of the provisions in the subsequent deed, and where the evidence clearly and convincingly proves that a misrepresentation or mutual mistake existed when the deed was delivered. *Batler, Capitel & Schwartz v. Tapanes* (1987), 164 Ill. App. 3d 427, 429.

In *Hagenbuch v. Chapin* (1986), 149 Ill. App. 3d 572, the court held that a mutual mistake regarding the acreage to be conveyed barred application of the merger doctrine. (*Hagenbuch,* 149 Ill. App. 3d at 577.) In *Mallin v. Good* (93 Ill. App. 3d at 846-47), an agreement to make certain repairs was held to be collateral to the deed and thus not merged into it. Most recently, in *Batler,* this court held that an agreement to prorate taxes was not collateral to the main contract and was merged into the deed. However, in that case, we specifically found that plaintiff failed to raise the issue of a mutual mistake of fact. *Batler,* 164 Ill. App. 3d at 430.

■ In this case, plaintiff did raise the issue of mutual mistake of fact. Moreover, the evidence was sufficient to establish the existence of a mutual mistake. The contract called for the proration to be calculated on the basis of the "tax assessor's latest assessed valuation," rather than the most recent tax bill. Smyczynski testified that the proration was calculated on the basis of the 1988 tax bill, even though it did not represent the most recent valuation. In fact, the valuation had increased considerably, reflecting the completed improvement to the property. Smyczynski stated, however, that he believed the calculation complied with the contract. In his affidavit, plaintiff stated that he, too, believed the proration had been done properly according to the contract. Since the parties were mutually mistaken concerning a material fact, the doctrine of merger does not apply.

Defendant further contends, however, that plaintiff waived any right to contest the proration by signing the closing statement. The

statement specifically provides, "the undersigned, hereby approve the foregoing prorations and authorize the disbursements as indicated in this statement." Defendant maintains that the closing statement clearly reveals the basis of the proration and that plaintiff specifically accepted that proration. Defendant contends that if plaintiff wanted to confirm the accuracy of the prorated amount, he could have called the assessor and learned the valuation. By proceeding in "conscious ignorance," plaintiff waived his right to challenge subsequently the amount of the proration.

Plaintiff responds that a waiver is the intentional relinquishment of a known right. (See *Whalen v. K mart Corp.* (1988), 166 Ill. App. 3d 339, 343.) Since both parties mistakenly believed that the proration had been done correctly according to the contract, he could not intentionally relinquish his right to contest the proration.

The thrust of defendant's argument is to place upon plaintiff the onus of establishing the correctness of the proration. The contract, however, assigned to defendant the responsibility of calculating this amount. Moreover, defendant, as the builder, was in a better position than plaintiff to know the facts surrounding the assessment. Defendant knew, or reasonably should have known, that the 1988 assessment was based upon the value of the property as vacant land and that the valuation would increase substantially once the home was completed.

Smyczynski stated in his deposition that he had experience as a contractor and real estate agent. He "would assume" that an improved property would be assessed at a higher rate than a vacant one. It is unreasonable to expect plaintiff to call the assessor's office during the closing to confirm the most recent assessed valuation of the property when this information was presumably within the knowledge of the defendant or readily available to it.

Contrary to defendant's assertion, the closing statement does not reveal the basis of the proration. It merely states that the $706.92 figure was derived by multiplying 209 days by $3.38 per day. It does not reveal the source of the $3.38 amount.

The Federal district court rejected a similar argument in *Bentley v. Slavik* (S.D. Ill. 1987), 663 F. Supp. 736. The defendant in that case contended that a subsequent letter by the plaintiff expressing her pleasure with the purchase "ratified" the agreement in spite of the parties' mutual mistake. The court stated that when the plaintiff wrote the acceptance letter, she had no reason to know that the contract had been breached. (*Bentley,* 663 F. Supp. at 740-41.) Similarly, in the instant case, plaintiff had no reason to suspect that the proration figures were mistaken. The contract provided that defendant was

to be responsible for proration of the taxes, and in the absence of some basis to suspect an error plaintiff was entitled to rely on defendant's calculations. See *Batler*, 164 Ill. App. 3d at 431 (Reinhard, J., dissenting).

Since the record demonstrates the existence of a mutual mistake of fact, the doctrine of merger does not apply, and plaintiff did not waive the right to assert the error. It follows that the court should have granted plaintiff's motion for summary judgment and denied defendant's motion.

For the foregoing reasons, the judgment is reversed, and the cause is remanded to the circuit court with directions to enter judgment for plaintiff in the amount of $3,846.20.

Reversed and remanded with directions.

GEIGER and DOYLE, JJ., concur.