RUSSELL P. FITTON III *et al.*, Plaintiffs-Appellants, v. BARRINGTON REALTY COMPANY, INC., *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—93—4570

Opinion filed June 23, 1995.

Daniel F. Hofstetter, Ltd., of Glenview, for appellants.

Steven R. Kathe, of John A. Tatooles & Associates, of Palatine, for appellees.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiffs Russell P. Fitton III and Pamela J. Fitton brought suit against defendants Judd H. Holman and Sandi Holman, alleging fraud and breach of contract in connection with plaintiffs' purchase of a home from defendants.[1] The defendants filed a motion to dismiss plaintiffs' fraud count and a motion for summary judgment on plaintiffs' breach of contract count. The trial court granted both of

---

[1]Plaintiffs also brought suit against Barrington Realty Company. Plaintiffs' appeal as to Barrington Realty Company was dismissed by stipulation between the parties prior to the briefing of this case.

defendants' motions. Plaintiffs appeal and we affirm in part and reverse and remand in part.

Plaintiffs entered into a contract with defendants to purchase defendants' home at 1659 Baldwin Road, in Inverness, Illinois. The property purchased had been described in the real estate multiple listings and the contract entered into between plaintiffs and defendants as consisting of approximately 2.39 acres. The sale closed on May 14, 1986. On July 18, 1989, plaintiffs had a survey of the property conducted while refinancing their home and discovered that the property actually contained 1.512 acres of land.

Plaintiffs brought suit against defendants on July 8, 1991, alleging fraud and breach of contract. The trial court granted defendants' motion to dismiss plaintiffs' fraud count on the basis that it was barred by the five-year statute of limitations. The trial court also granted defendants' motion for summary judgment on plaintiffs' breach of contract count, finding that the preclosing possession agreement and the doctrine of merger barred plaintiffs from recovering.

■ We first address whether the trial court properly dismissed plaintiffs' fraud count on the basis that it was barred by the statute of limitations. An action in fraud and deceit must be commenced within five years after the cause of action accrued. (735 ILCS 5/13—205 (West 1992).) According to the discovery rule, however, the statute of limitations starts to run when a person knows or reasonably should know that he was injured and that the injury was wrongfully caused. *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976.

Plaintiffs claim that their fraud count was not barred by the statute of limitations since the statute did not begin to run until July 18, 1989, when they had their home surveyed while being refinanced and learned that the property contained less than 2.39 acres. Defendants claim that the discovery rule is inapplicable here since plaintiffs admit to discovering the alleged fraud in May 1989, 22 months prior to the running of the normal five-year statute, which began on May 14, 1986, the date the parties closed on the property. Relying on *Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 376 N.E.2d 273, defendants claim that if a plaintiff discovers his cause of action or injuries within the limitations period and still has a reasonable time in which to file suit, then the discovery rule does not apply and the plaintiff must file suit within the normal limitations period. Defendants further claim that even if the discovery rule is applicable, the statute of limitations still began on the date of closing since plaintiffs were given a survey of the property on that date and therefore knew or should have known of the property's true acreage.

●2 At the time the parties filed their briefs and orally argued this case, there existed a split in the appellate court as to whether the discovery rule applies when discovery of the injury or cause of action occurs before the normal statute of limitations has run or has nearly run. Neither party cited to *Van Gessel v. Folds* (1991), 210 Ill. App. 3d 403, 407-08, 569 N.E.2d 141, or *Hermitage Corp. v. Contractors Adjustment Co.* (1993), 264 Ill. App. 3d 989, 637 N.E.2d 1201, fifth division cases stating that the discovery rule only applies if the discovery occurs after the statute of limitations has run or has nearly run. Two days after the instant case was orally argued, the Illinois Supreme Court issued *Hermitage Corp. v. Contractors Adjustment Co.* (1995), 166 Ill. 2d 72, reversing the fifth division's *Hermitage* decision and holding that the discovery rule applies regardless of whether discovery occurs before or after the statute has run. The supreme court reasoned that it is unfair for someone who makes a discovery a few months prior to the running of the statute of limitations to have only a few months to file suit while someone who makes a discovery a few months after the statute had run would have five years from that date in which to file suit.

It is thus now clear that the discovery rule does apply to the instant case. We must therefore determine when plaintiffs discovered or should reasonably have discovered that the property consisted of less acreage than had been represented. The resolution of this issue turns on whether the survey defendants provided to plaintiffs adequately informed plaintiffs of the property's actual acreage. The real estate contract entered into between the parties states that the seller shall furnish to the purchaser a survey of the premises showing the location of all improvements, lot lines, building lines and utility easements. The contract further provided that, "If purchaser or purchaser's mortgagee desires a more recent or extensive survey, same shall be obtained at purchaser's expense." While defendants did in fact provide plaintiffs with a survey, that survey did not compute the total acreage involved.

In *Zimmerman v. Northfield Real Estate, Inc.* (1986), 156 Ill. App. 3d 154, 510 N.E.2d 409, the plaintiffs sued the seller after discovering that the home they purchased had numerous defects and the lot the home was located on had 40% less acreage than had been represented. The plaintiffs were given a survey of the premises, but the survey did not give square-foot information. The court noted that a typical buyer could not read the survey language and therefore whether plaintiffs received the lot they sought according to the property's legal description was a question for the trier of fact.

■ We, however, find *Zimmerman* distinguishable from the instant case. The plaintiffs in *Zimmerman* alleged a number of defects in the property that had been concealed by the sellers, thereby clearly creating a question of fact. Here, the only alleged misrepresentation involved the amount of acreage conveyed. Furthermore, although it may have been difficult for plaintiffs to read the survey since it did not compute the property's total acreage, the contract here specifically informed plaintiffs that they could obtain a more detailed survey at their own expense. Plaintiffs, however, failed to avail themselves of this opportunity. If the amount of acres involved was an important factor in plaintiffs' purchase, a reasonable person in plaintiffs' position would have obtained a survey which computed the amount of acres being conveyed. Plaintiffs should reasonably have known in May 1986 that the property consisted of less than 2.39 acres. We therefore find that the statute of limitations began to run in May 1986, thus making plaintiffs' suit filed in July 1991 untimely. The trial court's order dismissing plaintiffs' fraud count is therefore affirmed.

■ We now turn to the issue of whether the trial court properly granted summary judgment as to plaintiffs' breach of contact action on the basis that it was barred by the preclosing agreement and the doctrine of merger. Summary judgment shall be entered when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. (*Buczak v. Central Savings & Loan Associates* (1992), 230 Ill. App. 3d 490, 594 N.E.2d 1291.) While the use of the summary judgment procedure is to be encouraged as an aid in the expeditious disposition of a lawsuit, it is a drastic means of disposing of litigation and therefore should be allowed only when the right of the moving party is free from doubt. *Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867.

The preclosing agreement states that the plaintiffs "inspected the premises and find them satisfactory and fully in accord with all the representations made in the forementioned contract." Defendants claim that this agreement precludes plaintiff from claiming breach of contract due to insufficient acreage. However, we cannot say as a matter of law that the provision in the preclosing agreement encompasses an inspection of the land, as well as the structural improvement on the land. An issue of fact remains as to whether this agreement refers only to a physical inspection of the house located on the property, which is commonly referred to as a "walk-through" inspection, or whether it encompasses an inspection of the land surrounding the home.

In addition, we find the existence of a genuine issue of material fact regarding whether the merger doctrine applies to the purchase at issue here. "The doctrine of merger operates so as to extinguish a remedy at law for a deficiency in acreage where a party affirms a contract by accepting a deed and then attempts to sue for damages based on a breach of the terms of the underlying contract." (*Hagenbuch v. Chapin* (1986), 149 Ill. App. 3d 572, 576, 500 N.E.2d 987, 990.) The doctrine of merger is not popular with modern courts and exceptions have been carved where: (1) the executory contract contains provisions collateral to and independent of the provisions in the subsequent deed; and (2) where the sale of real estate is by acre and the evidence clearly and convincingly proves that a misrepresentation or mutual mistake as to the acreage to be conveyed existed when the deed was delivered. *Hagenbuch*, 149 Ill. App. 3d at 576.

Plaintiffs rely on *Hagenbuch* in support of their argument that the sale of defendants' home was by acre, thereby making the merger doctrine inapplicable. *Hagenbuch* involved the sale of a farm, a transaction which is typically by acre. The plaintiffs believed the property conveyed consisted of 129 acres but later discovered that it contained only 123 acres. The property had been sold at auction with the bidding invited and cast on a per-acre basis. The full sale price of $336,690 was not bid as such but was later calculated by multiplying 129 acres times the plaintiffs' high bid of $2,610 per acre. Based on these factors, the court found that the number of acres was considered material to the parties and that the sale of this real estate was by acre.

The real estate at issue in the instant case, however, cannot so easily be classified as a sale by acre. Rather, this is a hybrid situation with the sale having characteristics of both a sale by acre and a sale in gross. The transaction here involves the sale of a home, which is commonly considered a purchase in gross. Moreover, while plaintiffs purchased the home as well as land surrounding the home, the home and land were listed and sold as a single undivided purchase. In addition, the amount paid for the property was not computed by the acres sold. There are, however, also characteristics more common of a sale by acre. For instance, the contract stated that approximately 2.3 acres of land were being sold. Generally, a contract for the sale of a home lists the land surrounding the home as "per survey," not by specific acreage. Furthermore, this was not a minor deviation in acreage, but rather a 40% reduction of land. We therefore cannot say as a matter of law that the amount of acres was not bargained for or was not a material factor in plaintiffs' purchase. We believe that issues of fact remain as to whether this was a sale by acre or in gross.

The trial court order granting summary judgment in defendants' favor was thus improper.

Accordingly, we affirm the trial court order dismissing plaintiffs' fraud count and reverse and remand the trial court order granting summary judgment in defendants' favor on plaintiffs' breach of contract count.

Affirmed in part and reversed and remanded in part.

COUSINS, P.J., and T. O'BRIEN, J., concur.