NO. 4-96-0934

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

LAWRENCE J. BEAL,                    ) Appeal from

          Plaintiff-Appellant,          ) Circuit Court of 

          v.      ) Sangamon County

LOUISE H. SCHEWE, Executor of the Will ) Nos. 95L492

of KARL H. SCHEWE, Deceased, )         95P0113

and LOUISE H. SCHEWE, Individual­ly, ) 

          Defendants-Appellees. ) Honorable

                    )    Thomas R. Appleton,

                               )    Judge Presiding.

_________________________________________________________________

JUSTICE GARMAN delivered the opinion of the court: 

Plaintiff Lawrence J. Beal filed a probate claim against the estate of Karl Schewe and a separate complaint against Louise H. Schewe (hereinafter defendants) in the circuit court of Sangamon County.  Plaintiff alleged defendants owed him money under a real estate contract.  The two actions were consolidated and defendants filed a motion for judgment on the pleadings.  The trial court granted defendants' motion and plaintiff now appeals.  We affirm.

On May 6, 1989, plaintiff entered into a real estate contract with defendants to purchase farmland.  The contract provided, in part:

"I, [plaintiff] (Purchaser)[,] agree[] to purchase at a price of $600,000.00 on the terms set forth herein, the following de­scribed real estate in __________ County, Illinois:

The farm near Richview, Illinois, con­taining 980 acres, with about 575 tillable acres, together with all improvements thereon.  See attached legal description.

***

[C]ommonly known as farm of 980 acres, Richview, Illinois." 

A legal description of the land was attached to the contract.  The second paragraph of the contract stated:

"[Defendants], as titleholders, (Seller) agree[] to sell the real estate and the prop­erty, if any, described above at the price and terms set forth herein, and to convey or cause to be conveyed to Purchaser or nominee title thereto (in joint tenancy) by a recordable [w]arranty deed."  

A rider to the contract contained the following provisions:

"1. It is understood and agreed that Seller will retain possession of all tillable land which is planted and under crop through the harvest and removal of said crop[--]but in no event shall Seller retain possession of the crop lands beyond December 31, 1989.  All 1989 crops proceeds are the property of Seller.  Upon and after harvest, Seller shall leave the land in a good and proper condition for con­tinued farm purposes.  The Agreements in this paragraph shall survive the closing hereof.

2. 
SURVEY.
  Seller shall deliver to Purchaser on or before fifteen (15) days from the date hereof any existing survey or plat of survey in the possession of the Seller, or other existing documents which show:

A. The boundaries and correct legal description thereof.

B. The net number of acres excluding any right-of-way and easements, if any.

C. That same is free of encroachments thereon.

D. The location and course of road rights-of-way and of all easements, either visible or recorded, and other servitudes to subject Premises."  

On June 14, 1989, the sale of the farmland was consummat­ed by defendants' delivery of a warranty deed to Rolling Hills Farm, Inc. (Rolling Hills), a corporation operated by plaintiff.  The corporation then deeded the property to plaintiff.

On February 1, 1995, Karl Schewe died.  On August 11, 1995, plaintiff filed a claim against Karl Schewe's estate, alleging that the farmland conveyed to him by defendants was deficient by approximately 32 acres.  A survey of the land completed after delivery of the warranty deed showed the property contained only 948.185 acres.  Plaintiff claimed the number of acres was considered material by the parties and affected the agreed-upon consideration.  As a result, he overpaid defendants by approximately $19,500.  On August 17, 1995, plaintiff filed a separate complaint against Louise containing the same allega­tions.

Defendants each filed an answer in which they denied the contract was for the sale of "980 acres."  They claimed both parties relied upon the legal description of the property (with no reference to a specific number of acres) and the contract merely referred to the property as being "commonly known" as a farm of 980 acres.  Defendants further denied the property was sold based upon a per-acre price.  Rather, it was sold as a lump-sum purchase.  Defendants also included an affirmative defense, alleging that upon acceptance of the deed by plaintiff, the contract merged into the deed and all warranties and agreements in the contract concerning the conveyance became void.

On May 14, 1996, the trial court consolidated the actions and ordered the parties to file cross-motions for summary judgment.  On June 13, 1996, defendants filed a motion for judgment on the pleadings pursuant to section 2-615(e) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-615(e) (West 1994)).  Defendants alleged (1) the sale of the farm was "in gross" and, as such, the legal description of the property was controlling in the case of a discrepancy as to the number acres and (2) the contract merged into the deed and extinguished plaintiff's claim for damages on the contract.  Defendants also filed a memorandum in support of the motion.

On August 28, 1996, the trial court granted defendants' motion for judgment on the pleadings.  The court found that the representations of the contract merged into the deed, thus extinguishing plaintiff's claims.  The court also determined the sale of the farmland was an "in gross" sale and, therefore, no action could be maintained against defendants based on a deficiency in acreage.

Plaintiff filed a motion to reconsider, which was denied by the trial court.  Plaintiff now appeals, arguing the trial court erred in granting defendants' motion for judgment on the pleadings.

A motion for judgment on the pleadings attacks, as a matter of law, the sufficiency of a plaintiff's complaint to state a cause of action.  
Foley v. Santa Fe Pacific Corp.
, 267 Ill. App. 3d 555, 560, 641 N.E.2d 992, 996 (1994).  On appeal, a decision by the trial court to grant such a motion is reviewed 
de
 
novo
.  
Toombs v. City of Champaign
, 245 Ill. App. 3d 580, 583, 615 N.E.2d 50, 51 (1993).

In reviewing a trial court's grant of a motion for judgment on the pleadings, this court must determine whether the allegations in the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted.  
Vanek v. Illinois Farmers Insurance Co.
, 268 Ill. App. 3d 731, 732, 644 N.E.2d 419, 421 (1994).  If no set of facts can be proved under the pleadings that would entitle the plaintiff to relief, the reviewing court should affirm the trial court's order.  
Mount Zion State Bank & Trust v. Consolidated Communications, Inc.
, 169 Ill. 2d 110, 115, 660 N.E.2d 863, 867 (1995);
 
Vanek
, 268 Ill. App. 3d at 732, 644 N.E.2d at 421
.

Plaintiff contends the allegations of his complaint sufficiently state a cause of action.  Specifically, he claims the pleadings show that sale of the farm was "by the acre" rather than "in gross."  For support, he cites 
Hagenbuch v. Chapin
, 149 Ill. App. 3d 572, 500 N.E.2d 987 (1986).

In 
Hagenbuch
, the defendants sold farmland at an auction.  Under the terms of the sale, bids were submitted on a per-acre basis for what was believed to be 129 acres of land.  Plaintiffs submitted the highest bid at $2,610 per acre and purchased the land for $336,690.  Subsequent to the sale, plaintiffs learned the farm contained only 123 acres.  They filed an action to recover for the deficiency.  The trial court held the sale was "in gross" and awarded summary judgment to the defendants.  
Hagenbuch
, 149 Ill. App. 3d at 574, 500 N.E.2d at 989.  The appellate court reversed, finding the number of acres was consid­ered material to the parties and that the sale was "by the acre."  
Hagenbuch
, 149 Ill. App. 3d at 578, 500 N.E.2d at 991.  That court stated:

"Where a farm is sold and described as con­taining any certain number of acres, a pre­sumption arises that the sale is 'by the acre' and not 'in gross.'  This presumption is not lightly overcome and may be rebutted only upon clear and convincing proof that the parties intended it to be a sale 'in gross.'"  
Hagenbuch
, 149 Ill. App. 3d at 575, 500 N.E.2d at 989.

In this case, plaintiff points out that the real estate contract referred to the property as "[t]he farm near Richview, Illinois, containing 980 acres, with about 575 tillable acres," and as the "farm of 980 acres."  Therefore, he claims, the trial court should have presumed the sale was by the acre and not in gross.

Moreover, plaintiff 
relies upon 
Fitton v. Barrington Realty Co.
, 273 Ill. App. 3d 1017, 653 N.E.2d 1276 (1995), and asserts the trial court in the present case was unable to determine from the pleadings, as a matter of law, whether the amount of acreage was a material factor in the purchase and whether the sale was "by the acre" or "in gross."  In 
Fitton
, the plain­tiffs purchased, from the defendants, a home and the surrounding land consisting of approximately 2.39 acres.  Following the sale, the plaintiffs discovered the property contained only 1.5 acres of land.  They filed suit against the defendants for the deficiency.  The trial court awarded summary judgment to the defendants and the plaintiffs appealed.  On appeal, the first district found that an issue of fact remained as to whether the sale was "by acre" or "in gross" and reversed the trial court's grant of summary judgment.  
Fitton
, 273 Ill. App. 3d at 1022, 653 N.E.2d at 1280.  Specifical­ly, the court noted:

"[T]he contract stated that approximately 2.3 acres of land were being sold.  Generally, a contract for the sale of a home lists the land surrounding the home as 'per survey,' not by specific acreage.  Furthermore, this was not a minor deviation in acreage, but rather a 40% reduction of land.  We therefore cannot say as a matter of law that the amount of acres was not bargained for or was not a material factor in plaintiffs' purchase."  
Fitton
, 273 Ill. App. 3d at 1022, 653 N.E.2d at 1280.

We find 
Hagenbuch
 and 
Fitton
 to be distinguishable from the present case.  In 
Hagenbuch
, the land was sold to plaintiffs based upon their auction bid of $2,610 per acre.  This figure was then multiplied by 129 acres to reach a total sale price of $336,690.  In the present case, there is nothing to suggest the sale price was calculated by plaintiff agreeing to purchase the farmland for $612.25 per acre.  Rather, he and defendants merely agreed to a sale price of $600,000 for the farm.  Furthermore, 
in both 
Hagenbuch
 and 
Fitton
, the description of the land made reference to the amount of acreage included.  In this case, the legal description made no such reference.  We also note that in 
Fitton
 there was a significant deficiency (40% less) in the amount of land received by plaintiffs, whereas in this case there was a 3% deficiency.

More important, we recognize the long lineage of cases to support the trial court's decision in this case.  Illinois cases have held that a sale of a farm or tract by name or general description is a sale in gross and acreage is not the basis of the contract, even though it is mentioned by description.  See 
Dillenberger v. Ziebold
, 70 Ill. App. 3d 585, 588, 388 N.E.2d 936, 939 (1979); 
May v. Nyman
, 3 Ill. App. 3d 580, 584, 278 N.E.2d 97, 100 (1972).  Furthermore, it is a well-established rule in Illinois that where a tract of land is conveyed by its proper governmen­tal description, the boundaries thus included will control as to the quantity of acres and, in case of a discrepancy, neither purchaser nor seller will have any remedy against the other for any excess or deficiency in the quantity.  The mention of acres, in such a case, has no legal effect.  
Wadhams v. Swan
, 109 Ill. 46, 56-57 (1884); 
Binder v. Hejhal
, 347 Ill. 11, 20, 178 N.E. 901, 904 (1931); 
Tope v. Tope
, 370 Ill. 187, 194, 18 N.E.2d 229, 232 (1938); 
Meyer v. Ranson
, 80 Ill. App. 2d 175, 180-81, 224 N.E.2d 293, 296 (1967); 
May
, 3 Ill. App. 3d at 584, 278 N.E.2d at 100; 
Estate of Chosnyka v. Meyer
, 223 Ill. App. 3d 493, 496, 585 N.E.2d 204, 206 (1992).

Here, the proper legal description of the property was attached to the contract.  The identical legal description was also set forth in the deeds by which the land was transferred from defen­dants to Rolling Hills, then from Rolling Hills to plaintiff.  The exact boundaries of the property could be deter­mined by the legal description and were actually conveyed to plaintiff.  Further, the legal description makes no reference to the number of acres.  In fact, the only mention of "980 acres" is found in the first paragraph of the contract and appears to refer only to the name or general description of the farm.

Plaintiff contends that many of these cases are inappli­cable to the case at bar.  For example, he claims 
Dillenberger
 is not instructive to the facts of this case.

In 
Dillenberger
, the defendant sold his farmland at an auction.  The land consisted of three separate tracts--tillable acres, a lake, and a farmhouse with five acres.  The plat indicated the total acreage of the property was approximately 386 acres, of which 225 were tillable.  The plat also indicated 118 acres of the property consisted of the lake.  Plaintiffs bid on the property in its entirety and purchased it for $321,000.  They later discovered the acreage of the lake was 145.45 acres rather than 118 acres.  They filed an action against defendant, claiming they had received 27.45 acres less of tillable land.  The trial court held that the property was sold on a gross or lump-sum basis because it was sold as described on the plat.  Therefore, the plaintiffs could not recover for the deficiency in tillable acreage.  Relying upon the well-established rule set out in 
Wadhams
, the appellate court affirmed and found that "[a]lthough plaintiffs received a larger lake than they had originally expected, [they] bid upon and purchased an entire farm, and not three separate tracts of land."  
Dillenberger
, 70 Ill. App. 3d at 588, 388 N.E.2d at 939.  The court further stated:

"'There was no evidence that the property was being sold on a per acre basis nor that deliv­ery of a specific number of tillable acres was required for exact perfor­mance of the con­tract.  Accordingly, the court finds that the presence of a stated number of till­able acre­age was neither expressly nor by necessary implication made the essence of the con­tract.'"  
Dillenberger
, 70 Ill. App. 3d at 589, 388 N.E.2d at 939.

W
e find the reasoning in 
Dillenberger
 to be directly applicable here.  Most notably, 
the decision addresses the lack of evidence regarding a per-acre sale.  
Such evidence is disposi­tive in determining whether a property has been sold "in gross" or "by the acre."  In the instant case, there is no evidence that plaintiff purchased the farmland on a per-acre basis.  Further­more, the proper legal description of the land was set forth in the deed when the land was trans­ferred.  Accord­ingly, we hold plaintiff's purchase of the farmland in this case was "in gross" and not "by the acre."  

Evidence support­ing a per-acre sale should be strong.  We believe public policy demands certainty in real estate transac­tions.  Further, the interests of judicial economy would be better served by requiring clear evidence of a per-acre sale on the face of a real estate contract.  Where a real estate contract does not expressly provide that the sale is "by the acre" or "per acre," it should be viewed as a sale "in gross."  Such a require­ment will create certainty in real estate transac­tions and eliminate needless litigation.

We next address whether the trial court correctly applied the doctrine of merger to bar plaintiff's cause of action.  
The general rule in Illinois is that a deed in full execution of a contract for sale of land merges the provisions of the contract into the deed.  
Biehl v. Atwood
, 151 Ill. App. 3d 763, 765, 502 N.E.2d 1234, 1235 (1986).  Thus, acceptance of a deed supersedes all the contract provisions and extinguishes a remedy at law for a deficiency in acreage.  
Fitton
, 273 Ill. App. 3d at 1022, 653 N.E.2d at 1279-80; 
Holec v. Heartland Builders, Inc.
, 234 Ill. App. 3d 253, 255, 600 N.E.2d 489, 490-91 (1992).  However, exceptions to the rule exist where (1) the contract contains provisions collater­al to and independent of the provisions in the subsequent deed and (2) where the evidence clearly and convincingly proves a misrepre­sentation or mutual mistake existed when the deed was delivered.  
Fitton
, 273 Ill. App. 3d at 1022, 653 N.E.2d at 1280; 
Holec
, 234 Ill. App. 3d at 255, 600 N.E.2d at 491.

Plaintiff 
asserts this case falls within one of the exceptions.  He claims there was a mutual mistake as to the number of acres at the time of the sale, as both parties believed there were 980 acres, when the actual number was only 948 acres.  There­fore, he argues, the trial court erred in ruling his cause of action was extinguished by the doctrine of merger.  

We note there is no allegation of mutual mistake in plaintiff's pleadings.  Thus, he cannot now make such a claim on appeal.  Nevertheless, the evidence was not sufficiently clear and convincing to prove a mutual mistake.  Although the contract makes mention of "980 acres," it refers only to the name or general description of the farm.  In addition, the legal description of the property does not make reference to the amount of acreage.  Moreover, the contract does not indicate a price "per acre."  Rather, it states the described property is to be purchased for $600,000.  As the parties agreed that plaintiff would purchase the property contained in the legal description for $600,000 from defendants and this is exactly what occurred, we find no mutual mistake.  Therefore, this case does not fall within the exceptions to the doctrine of merger.  Accordingly, the trial court was correct in ruling that the representations of the contract merged into the deed and extinguished plaintiff's claim.

For the foregoing reasons, we affirm the judgment of the circuit court of Sangamon County.

Affirmed.

STEIGMANN, P.J., and GREEN, J., concur.