Jayne H. Brownell, et al., Plaintiffs, v. Howard B. Quinn and Quinn Home Builders, Inc., a Corporation, Defendants.
Quinn Home Builders, Inc., Defendant-Third Party Plaintiff-Appellee, v. Fred Rozema, d/b/a Rozema Cement Construction Co., Third Party Defendant-Appellant.

Gen. No. 49,312.

First District, First Division.

March 30, 1964.

Herbert M. Wetzel and A. M. Horwitz, of Chicago (Edward F. Zahour, of counsel), for appellant.

Robert Irmiger, of Chicago, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

This appeal was brought by the third party defendant as a result of a judgment by the trial court in favor of plaintiffs, in the amount of $765 and in favor of the defendant, for the same amount, as against the third party defendant.

Suit was filed November 14, 1960 by Jayne Brownell, Ellen E. Hamilton, and Mary B. Hamilton against Howard B. Quinn (subsequently dismissed from suit as defendant by motion of plaintiffs) and Quinn Home Builders, Inc., for breach of a real estate sales contract entered into by plaintiffs, as joint tenants, with Quinn on November 3, 1956. The terms of the agreement provided for the sale of real estate and a building which was to be built thereon in a "neat and workmanlike" manner, complete with garage and driveway, according to specifications. Plaintiffs alleged that defendant was paid in full, but that defendant had failed to complete construction of the improvements in a good and workmanlike manner; viz: that defendant failed to furnish proper material and skilled workmanship in the construction of a driveway, front walk and concrete exterior.

In its answer Quinn admitted entering into the contract with plaintiffs, but denied failure to complete its obligations thereunder. Quinn then made Fred Rozema, d/b/a Rozema Cement Construction Co., a third party defendant, alleging that Rozema, as subcontractor, was employed to do the cement work on plaintiffs' building; that the defects in construction alleged by plaintiffs were caused solely by Rozema, and that Rozema would be liable to Quinn for the full amount of plaintiffs' claim. In its third party complaint Quinn adopted in toto the real estate sales contract entered into by it with plaintiffs.

At the trial Jayne Brownell testified to the defective character of the work. Plaintiffs called George Dichman, a cement contractor, who gave evidence as to the cost of repairing the defective work. Thereafter plain-

tiffs rested. In defense, Quinn called Rozema as an adverse witness under Sec 60 of the Civil Practice Act. Rozema testified that he was hired by, and did the cement work on plaintiffs' property for, Quinn. No other evidence was offered by Quinn or Rozema.

Upon the evidence the court found that Quinn had hired Fred Rozema, and that the latter was responsible for the faulty and defective cement work on the improvements. Judgment was entered in favor of the plaintiffs, and against Quinn, in the sum of $765. This judgment was satisfied. The court also entered judgment against the third party defendant, Rozema, and in favor of Quinn, the third party plaintiff, in the sum of $765.

■ It is the theory of Rozema that violation of an express real estate sales contract to construct a building in a workmanlike manner, is not actionable, where a subsequent deed conveying title was pursuant to and in full execution of the contract, and merged the provisions of that contract therein. Therefore, he argues, since no cause of action could be maintained by plaintiffs because of the merger of the contract into a deed, he could not be properly joined by Quinn.

The real estate sales contract contemplated both conveyance of a warranty deed to certain real estate, upon full payment of the purchase price, and construction of a building thereon, to be done by Quinn in a "neat and workmanlike" manner. The deed was tendered to plaintiffs and was duly recorded by them in April 1957. While the general rule is that a deed in full execution of a contract for sale of land merges the provisions of the contract therein, the rule is subject to exception, namely, that where there are provisions in the contract which delivery of the deed does not fulfill, the contract is not merged in the deed as to such provisions and remains open for performance

208

of such terms. Chicago Title and Trust Co. v. Wabash-Randolph Corp., 384 Ill 78, 51 NE2d 132 (1943); Biewer v. Mueller, 254 Ill 315, 98 NE 548 (1912); and Weck v. A. M. Sunrise Construction Co., 36 Ill App2d 383, 184 NE2d 728 (1962), and cases cited therein.

The deed did not fulfill the entire contract, and was certainly not a performance of that part of the contract which called for construction of the building. Since conveyance of the property was not the entire subject matter of the contract, the terms thereof remained in force until full performance. We hold here, then, that the deed and payment of the purchase price could not effect a merger of the agreement to construct a house according to specifications upon the property sold, as construction of plaintiffs' building, in a "neat and workmanlike" manner, is a collateral undertaking to, and not part of the main purpose of, the conveyance of the real estate. As the terms of the express contract could not be extinguished until full performance, plaintiffs' allegations that Quinn breached the terms thereof by supplying defective construction of part of the improvements called for under the building specifications, stated a good cause of action.

■ Therefore, it is clear Quinn properly joined Rozema as third party defendant pursuant to Ill Rev Stats 1961, c 110, § 25(2). The same result was reached in Jeffers v. Brua, 40 Ill App2d 156, 189 NE2d 374 (1963), where the identical issue of proper joinder of a subcontractor by a contractor was involved. The complaint, there, was also based on breach, by a contractor, of the terms of an express contract for construction of a building. There too, the contractor adopted the express contract, in toto, in his cause of action, and filed a third party complaint alleging that the subcontractor would be liable to him for the full amount of plaintiffs' claim. Rozema's reliance on Hal-

ligan v. Shulman, 31 Ill App2d 168, 175 NE2d 590 (1961), is misplaced, as here we are not presented with the question of contribution between joint-tortfeasors.

█ Rozema next contends that his right to a trial by jury, as guaranteed by sec 5 of Art II of the Constitution, was denied. The record indicates that in entering his appearance, counsel for Rozema used a court form bearing the legend: "Defendant demands trial by jury and consents to trial by jury of ——— Jurors." From the fact that the number of jurors is left blank we must conclude that the failure to strike the jury demand in the appearance was an obvious product of oversight. In addition, the record shows Rozema did not pay or tender payment of clerk's fees as required in the Municipal Court of Chicago, pursuant to City of Chicago Ordinance, which provides that any party demanding a jury trial shall pay an additional fee for the jury.

The Illinois courts have held that a reasonable jury demand fee is valid, and does not impair the right of trial by jury of sec 5 of Art II of the Constitution. People ex rel. Flanagan v. McDonough, 24 Ill2d 178, 180 NE2d 486 (1962); Huber v. Van Schaack-Mutual, Inc., 368 Ill 142, 13 NE2d 179 (1938). Furthermore, by failing to make proper and timely demand for a jury trial in the lower court and by participating in the trial Rozema must be held to have waived his right thereto. As stated in City of Rochelle v. McConaughy, 296 Ill 309 (1921), at page 311, 129 NE 740:

> ". . . The record shows no express waiver of a jury . . . , but the bill of exceptions shows that she was present by her attorney, participated in the trial and offered evidence, making no demand for a jury nor objecting to a trial by the court. She is therefore presumed to have voluntarily waived her right to a trial by jury. . . ."

Finally, Rozema contends that the instant cause of action is barred by a prior judgment rendered in the Circuit Court on a suit for mechanic's lien instituted by him. The burden is upon the party invoking a prior judgment to establish its applicability (Gillies v. Little Vermilion Special Drain. Dist., 401 Ill 344, 349, 81 NE2d 916 (1948); Chicago Historical Society v. Paschen, 9 Ill2d 378, 382, 137 NE2d 832 (1956)) by clear and convincing evidence, and to properly raise it either by motion or pleadings, pursuant to Sec 48 of the Civil Practice Act. In so doing it must be shown, with reasonable certainty that there, in fact, was a final adjudication on the merits; that it could be a bar to a subsequent action and that both causes had identity of parties, of subject matter and of cause of action. If the defense of collateral estoppel is relied upon, it must be shown that there was presented in the prior adjudication some controlling fact or question material to the determination of both cases, and that the same fact or question was again at issue between the same parties, and that its adjudication in the first suit would be conclusive of the same question in the later suit. Smith v. Bishop, 26 Ill2d 434, 187 NE2d 217 (1962).

Rozema did not sustain his burden of showing that the issues now sought to be raised were presented in a prior adjudication, or that if presented, that they would be determinative of the issues here. The judgment is affirmed.

Affirmed.

MURPHY, P. J. and BURMAN, J., concur.