PAUL L. MALLIN *et al.*, Plaintiffs-Appellants, *v.* ARLINE GOOD, Defendant-Appellee.

Second District    No. 80-119

Opinion filed February 25, 1981.

Mel Cahan and Eileen Kavanagh, both of Lurie & Cahan, Ltd., of Chicago, for appellants.

Charles W. Smith and William G. Rosing, both of Rosing, Carlson & Magee, of Waukegan, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiffs, Paul and Gila Mallin, brought this action in the Circuit Court of Lake County against defendant Arline Good seeking to enforce certain covenants in a contract for the sale of real estate. They appeal from an order which granted summary judgment to defendant on the grounds that all of the terms of the contract merged into the deed and that, in any event, there no longer was any privity between plaintiffs and defendant as a result of the initial conveyance of title to the premises to a nominee who then conveyed to plaintiffs.

On February 5, 1977, the parties entered into a contract for the purchase by plaintiffs of defendant's single family dwelling in River Woods, Illinois. It provided that the purchase price was $165,000 and closing was to occur on July 1, 1977, or sooner by mutual agreement. The following typewritten language was inserted into the printed form contract:

"All heating, plumbing, electrical and air conditioning to be in working order at the time of closing * * *."

The word "reasonable" was handwritten above "working" and the words "or adjustment at closing" were also appended by hand. Also inserted in the contract was another typewritten provision which read:

"Roof to be inspected when weather permits (no later than May 1) any damage to roof to be repaired by seller * * *."

The original contract language "to buyer's satisfaction at that time" was deleted and replaced with "in a good and workmanlike manner."

Examination of the discovery deposition of Paul Mallin, offered in support of defendant's motion for summary judgment, reveals plaintiffs had inspected the house three or four times prior to executing the contract and observed water marks on the ceiling. Mr. Mallin had the roof inspected on April 30, 1977, and was informed that there were "a lot of problems with this roof." On advice of his attorney, Mr. Mallin then obtained three written estimates of the cost of the needed repairs, but had no work done prior to closing. He stated that at the closing on June 23, 1977, defendant's attorney told plaintiff "they had a roofer that was willing to fix it for $200," but defendant's attorney would not guarantee the work.

According to the affidavit of plaintiff's attorney offered in response to defendant's motion, a list of other repairs which defendant was purportedly required to make under the contract was given orally to defendant's attorney at the closing which he then wrote down. Plaintiffs had complained that a faucet was not working, the dryer would not start,

water was leaking into a closet, there was an odor permeating throughout the house, and there were problems with the septic tank. No "adjustment" was made for these items at the closing, however. Although plaintiffs considered defendant to be in breach of the contract, their attorney informed defendant's attorney that they would pay the agreed upon purchase price and accept the title, but would enforce their rights under the covenants of repair in the contract. When defendant's attorney raised the question of merger of these provisions into the deed, plaintiffs' attorney provided him with a copy of the decision in *Brownell v. Quinn* (1964), 47 Ill. App. 2d 206, 197 N.E.2d 721. While an escrow account was set up to withhold funds pending clearance of title, no agreement was made to set aside funds for any repairs to the house.

Plaintiffs originally intended to place title to the premises in a land trust and at their request defendant executed a deed to Maryann Renaud, who was to serve as a conduit for that purpose. Renaud later executed a deed to Mr. Mallin when plaintiffs decided not to place the property in trust. Neither of these deeds made any mention of an obligation on the part of defendant to make repairs.

## I.

We consider first plaintiffs' contention that their action is not barred by the doctrine of merger by deed. While plaintiffs agree that the provisions of the contract governing the conveyance of title were merged into the deed, they argue that the covenant to repair the roof and the purported warranty of condition of the designated house equipment survived since they are collateral undertakings which were not fulfilled by delivery of the deed.

■■ ■ The doctrine of merger by deed evolved solely to protect the security of land titles. (*Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154.) In general, if the terms of a contract for the sale of real estate are fulfilled by delivery of the deed there is a merger of the two instruments and, unless a reservation is made in the deed (*Petersen v. Hubschman Construction Co.*), it supersedes all contract provisions. (*Harris Trust & Savings Bank v. Chicago Title & Trust Co.* (1980), 84 Ill. App. 3d 280, 405 N.E.2d 411.) Where there are provisions in a contract which are not fulfilled by delivery of the deed, the contract is not merged, but remains open for performance of such terms. (*Petersen v. Hubschman Construction Co.; Chicago Title & Trust Co. v. Wabash-Randolph Corp.* (1943), 384 Ill. 78, 51 N.E.2d 132; *Brownell v. Quinn* (1964), 47 Ill. App. 2d 206, 197 N.E.2d 721.) Whether and to what extent the contract merges into the deed is also a matter of the intention of the parties as evidenced by the language of their agreement and the surrounding circumstances. See *Weck v. A:M Sunrise Construction Co.*

(1962), 36 Ill. App. 2d 383, 184 N.E.2d 728; *Harris Trust & Savings Bank v. Chicago Title & Trust Co.*; 77 Am. Jur. 2d *Vendor & Purchaser* §291 (1975).

■■ While no Illinois reviewing court has considered the specific question of whether a vendor's covenant to make repairs will be merged into the subsequent deed, the weight of authority in other jurisdictions is that such agreements are collateral to the deed and are not merged into it. (Annot., 38 A.L.R.2d 1310, 1325 (1954); 77 Am. Jur. 2d *Vendor & Purchaser* §341 (1975).) In our view, an examination of the analogous authority in this State leads to a similar conclusion. In *Brownell v. Quinn* (1964), 47 Ill. App. 2d 206, 197 N.E.2d 721, the covenant of a builder/vendor to convey a lot and construct a house thereon "in a neat and workmanlike" manner was held to not have merged into the deed. The court reasoned that the delivery of the deed did not constitute a performance of this covenant as it was an undertaking collateral to and not a part of the primary purpose of the contract, to convey real estate.

■■ We can see no difference in principle between the covenant considered in *Brownell* and the language of the contract in the present case. Here the roof was to be inspected no later than May 1, and defendant agreed she would repair any damage. Delivery of the deed would not constitute performance of this portion of the contract as it was incidental to the main purpose of the contract, that is, the conveyance of real estate. Accordingly, we conclude the doctrine of merger does not apply to the covenant to repair the roof. Neither are we persuaded by defendant's contention that the roof was to be repaired no later than May 1 and that this provision was not intended to survive the closing. The reference in the contract to May 1 clearly was only a time limit on inspection of the roof and the contract did not purport to obligate the seller to repair the roof by then. Defendant's contention would have more merit were it not for the fact that the words "to buyer's satisfaction *at that time*" (emphasis supplied) were deleted from the contract and the words "in a good and workmanlike manner" were substituted in their stead.

Plaintiffs construe the provision in the contract relating to the plumbing, heating and other home systems as a warranty of quality similar to that involved in *Rouse v. Brooks* (1978), 66 Ill. App. 3d 107, 383 N.E.2d 666. In that case, an express warranty that all of the equipment in the house was in "good, proper, satisfactory and functional working order * * *" was held not to merge into the subsequent deed. The court characterized such language as warranties of quality and reasoned that:

"* * * the better rule [is] that quality warranties are independent of and collateral to the conveyance of title and, therefore, are not satisfied by the acceptance of the deed. Most of the provisions in a land sales contract deal with the mechanics and requirements of conveyancing which the deed conclusively settles. Warranties as to

quality, in comparison, touch upon aspects other than the conveyance itself and are incidental to the main purpose of the deed, which is to transfer good title." (66 Ill. App. 3d 107, 110, 383 N.E.2d 666, 668.)

Defendants, however, assert that this provision by its terms was not intended to survive the closing as it provided for an "adjustment" at that time. They note that an escrow account was set up to cover unexpected problems in clearing title and that it would have been a simple matter for plaintiffs to request that a similar account be created to cover the cost of any repairs.

■■■ In our view, the rationale of *Rouse* should be applied to the instant case, notwithstanding the absence of the term "warranty" from the contract. As was true with the covenant to repair the roof, the representation in the contract that the plumbing and other equipment would be in reasonable working order at the time of closing was a collateral undertaking which was not performed by the delivery of the deed. In fact, defendant could not be in breach of this provision until the closing as she had until that time to comply with it. The record discloses that the parties were unable to reach an "adjustment" at the closing. We are unwilling to construe this provision as an agreement by the plaintiffs to purchase the home irrespective of whether or not an adjustment could be agreed upon by the parties at closing. Accordingly, this provision survived the closing and remains open for performance. Defendant's contention that plaintiffs should have requested that an escrow account be set up to cover the cost of repairs is without merit since it was not provided for in the agreement between the parties.

Referring to *Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154, defendant also contends that the doctrine of merger should be relaxed only in the case of latent defects and that plaintiffs discovered, or should have discovered, any defects when they inspected the home before the closing. Defendant's reliance on *Petersen* is misplaced; in that case the court did limit the application of an implied warranty of habitability to latent defects, but it did not hold that the scope of the implied warranty was coextensive with the concept of collateral agreements which do not merge in the deed.

We conclude that the trial court erroneously applied the doctrine of merger and summary judgment should not have been granted on this basis.

## II.

■■ Plaintiffs also contend that to the extent summary judgment was granted on the grounds that conveyance of the property to a nominee destroyed privity of contract between plaintiffs and defendant the action of the trial court was erroneous. In seeking to sustain the judgment

defendant contends that if plaintiffs received a house with a damaged roof or bad plumbing, they received it from Maryann Renaud, and not from the defendant. Defendant cites no authority in support of this proposition and it is without merit. Regardless of the manner in which plaintiffs chose to take title to the property, the obligation which plaintiffs assert arose pursuant to a contract to which both defendant and plaintiffs were parties. While it is generally true that only a party to a contract or those in privity with him may enforce it (*Sabath v. Mansfield* (1978), 60 Ill. App. 3d 1008, 377 N.E.2d 161), this rule is not altered where the original conveyance of title is to a nominee. This is a suit for breach of contract between the parties to it, and therefore the requisite contractual privity exists.

■■ Defendant also argues that by paying the purchase price and accepting the deed plaintiffs have waived any claim of breach of contract. We note, however, that this issue was not presented to the trial court by defendant's motion for summary judgment, and, as the factual basis for its determination is not contained in the record, we will not consider it. See *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417.

For the foregoing reasons the judgment of the Circuit Court of Lake County is reversed and this cause remanded for further proceedings.

Reversed and remanded.

REINHARD and UNVERZAGT, JJ., concur.