EUGENE HERMAN BIEHL, Independent Ex'r of the Estate of Otto Webster Biehl, Deceased, Plaintiff-Appellee, v. DAVID C. ATWOOD, Defendant-Appellant.

Fifth District   No. 5—85—0688

Opinion filed December 30, 1986.

Donald G. Musick and Warren N. Loar IV, both of Musick & Mitchell, of Mt. Vernon, for appellant.

Edward J. Kionka and G. Patrick Murphy, both of Winters, Brewster, Murphy & Crosby, of Marion, for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendant appeals from a judgment of the circuit court of Williamson County awarding plaintiff $73,000 as the unpaid balance under a contract for deed.

On September 5, 1977, the Biehls entered into a contract for deed for a certain 37-acre tract of land with the Atwoods as purchasers. The purchase price listed was $85,000, payable in $2,000 annual installments with no interest. The following day, on September 6, 1977, the Biehls executed and delivered a warranty deed conveying the 37-acre tract to the Atwoods. The deed was not recorded until March 7, 1984.

Between the signing of the contact for deed and the recording of

the warranty deed, both of the Biehls passed away. Prior to Mr. Biehl's death, the Atwoods made six installment payments under the contract for deed totaling $12,000. After Mr. Biehl's death in May 1983, Mr. Atwood, now divorced, made no further installment payments. Plaintiff, as independent executor of the estate, commenced this action against Mr. Atwood, defendant, seeking payment of the unpaid balance under the contract for deed.

At trial, of which there is no transcribed record, plaintiff argued the balance under the contract for deed was due according to its terms. Defendants contended payment was expressly made a condition of the conveyance under the contract for deed and delivery of the deed signified a waiver of that condition. Defendant argued the contract for deed merged with the deed itself upon its execution and delivery. The trial court found an implied contract on the part of defendant to pay the remaining balance of $73,000 under the contract for deed.

Defendant now argues on appeal that plaintiff, having pleaded and proved the existence of an express contract between the parties, cannot recover an implied-contract theory. Defendant further maintains the contract for deed did not bind him to pay the purchase price set forth in the contract for deed, and with delivery of the deed, he was discharged from any obligation under the contract to pay the purchase price.

We need not address defendant's first contention, for we find no waiver of his obligation to pay the purchase price listed in the contract for deed under the circumstances presented here.

■ The general rule in this State is that a deed in full execution of a contract for sale of land merges the provisions of the contract into the deed. (*E.g., Rouse v. Brooks* (1978), 66 Ill. App. 3d 107, 109, 383 N.E.2d 666, 667; *Brownell v. Quinn* (1964), 47 Ill. App. 2d 206, 208, 197 N.E.2d 721, 723.) This rule is, however, subject to exception. If there are provisions in the contract which delivery of the deed does not fulfill, the contract is not merged in the deed and remains open for performance of such terms. *E.g., Harris Trust & Savings Bank v. Chicago Title & Trust Co.* (1980), 84 Ill. App. 3d 280, 284, 405 N.E.2d 411, 415; *Brownell v. Quinn* (1964), 47 Ill. App. 2d 206, 208-209, 197 N.E.2d 721, 723.

■ Apparently no Illinois case has addressed the issue of whether a buyer's contractual obligation to pay the balance of the purchase price set in a contract for deed merges into the deed with delivery of the deed and excuses payment under the contract. At least one court, the Ohio Court of Appeals, however, found no merger when confronted with this question. (See *McGovern Builders, Inc. v. Davis* (1983), 12

Ohio App. 3d 153, 156, 468 N.E.2d 90, 93.) What we find controlling in this instance in determining whether and to what extent the contract merged into the deed is the intention of the parties and the surrounding circumstances. (See *Mallin v. Good* (1981), 93 Ill. App. 3d 843, 845, 417 N.E.2d 858, 860; *Harris Trust & Savings Bank v. Chicago Title & Trust Co.* (1980), 84 Ill. App. 3d 280, 286, 405 N.E.2d 411, 416. See also *Trapp v. Gordon* (1937), 366 Ill. 102, 111, 7 N.E.2d 869, 874.) The circumstances present here evidence no merger.

■ The Biehls and Atwoods entered into a contract for deed on September 5, 1977. The next day, the Biehls delivered to the Atwoods a warranty deed for the same tract of land. Over the next six years, pursuant to the terms of the contract for deed, the Atwoods made six installment payments of $2,000 each. The Atwoods would hardly have paid $12,000 to the Biehls under the contract for deed if the parties had intended the execution and delivery of the deed to cancel the contract. Defendant did not stop making payments until both Biehls passed away. He also did not record the deed until some 10 months after Mr. Biehl's death. Nothing of record indicates any further agreement between the Atwoods and Biehls after execution and delivery of the deed. And, there is no evidence of any intention to make a gift of the balance due under the contract in the event of the Biehls' deaths. Rather, it appears that defendant is simply trying to evade his obligation under the contract now that his sellers are deceased. We, therefore, find no merger in this instance.

■ While we agree with the trial court that defendant owes a balance of $73,000 under the contract for deed, we find defendant has the right to pay that balance by either delivering payment in full or continuing with the $2,000 annual installment schedule in accordance with the terms of the contract for deed. Defendant may be in default, but the contract for deed makes no provision for an acceleration of payments under such circumstances. No court can rewrite the contract to suit plaintiff's demand for full payment, but, rather, must enforce for both parties the terms as written. See, *e.g.*, *Kulins v. Malco, A Microdot Co.* (1984), 121 Ill. App. 3d 520, 527, 459 N.E.2d 1038, 1044.

For the foregoing reasons, the judgment of the circuit court of Williamson County is vacated and remanded for further proceedings consistent with this opinion.

Vacated and remanded.

KASSERMAN and HARRISON, JJ., concur.