BATLER, CAPITEL & SCHWARTZ, as successor in interest to Fred M. Adamczyk *et al.*, Plaintiff-Appellant, v. FRANK E. TAPANES *et al.*, Defendants-Appellees.

Second District   No. 2—87—0155

Opinion filed December 31, 1987.

REINHARD, J., dissenting.

Marc K. Schwartz, of Batler, Capitel & Schwartz, of Buffalo Grove, for appellant.

Kenneth M. Clark, of Kenneth M. Clark & Associates, Ltd., of Antioch, for appellees.

JUSTICE DUNN delivered the opinion of the court:

The plaintiff, Batler, Capitel and Schwartz, appeals from an order of the circuit court which granted a motion for a directed finding for the defendants, Frank E. Tapanes and Robin J. Tapanes. On appeal, the plaintiff contends that the circuit court erred in finding that (1) the doctrine of merger precluded the plaintiff's recovery of real estate tax credits which were erroneously calculated prior to closing and (2) the plaintiff was not entitled to reimbursement for the overpayment of real estate taxes under the theory of unjust enrichment. We affirm.

The relevant facts which gave rise to this appeal were elicited from a bystander's report made pursuant to Supreme Court Rule 323(c) (107 Ill. 2d R. 323(c)). On February 9, 1986, Fred M. Adamczyk and Anita Jo Adamczyk (Adamczyks) entered into a contract with the defendants for the sale of the Adamczyks' residential home. The plaintiff represented the Adamczyks during the sale of their home and at the closing of that sale. The real estate sales contract between the parties stated, among other things, that taxes were to be based on the most recent ascertainable real estate taxes.

As part of its responsibility for preparing the proper documentation for closing, the plaintiff determined the real estate tax proration credit given to the defendants. The plaintiff based its calculation of the tax credit on the amount of real estate taxes paid in 1984 ($3,555.26) as stated in the "Attorneys' Title Guaranty Fund Commitment to Insure Title" (commitment). Prior to closing, the plaintiff received a title search done by the Law Bulletin Title Services which indicated that the Adamczyks paid $2,355.26 in 1984 real estate taxes. The defendants failed to discern the discrepancy between the tax figures produced by the commitment and the title search.

At the closing of the transaction, the plaintiff tendered a closing statement which erroneously prorated the real estate tax credit in accordance with the commitment's 1984 tax figure. A Lake County tax bill issued to the Adamczyks indicated that they paid $2,355.26 in 1984 real estate taxes; however, the plaintiff did not present this bill at closing. Subsequent to closing, the Adamczyks brought the tax proration error to the plaintiff's attention, and it was determined that the defendants had been overcredited by $1,496.10. Upon being informed of the tax proration error, the defendants refused to reimburse the Adamczyks. The plaintiff then paid $1,496.10 to the Adamczyks in exchange for the right to seek reimbursement from the defendants.

The plaintiff, as a successor in interest to the Adamczyks, filed a small claims complaint seeking reimbursement from the defendants

based on the theory of unjust enrichment. The circuit court dismissed the plaintiff's cause of action finding that the doctrine of merger precluded recovery by the plaintiff. Additionally, the circuit court determined that the facts of this case did not support the theory of unjust enrichment. The plaintiff filed a motion to reconsider which the circuit court denied.

This appeal raises the issues (1) whether the contract for the sale of the Adamczyks' home merged into the deed thereby extinguishing the plaintiff's cause of action and (2) whether the plaintiff has stated a cause of action under the theory of unjust enrichment. Our analysis of the applicable law in conjunction with the particular facts of this case leads us to conclude that the circuit court properly dismissed the plaintiff's complaint.

■ When the terms of a contract for the sale of real estate are fulfilled by the delivery of the deed, there is a merger of the two instruments (*Chicago Title & Trust Co. v. Wabash-Randolph Corp.* (1943), 384 Ill. 78, 87, 51 N.E.2d 132), and the deed, in the absence of a reservation, supercedes all contract provisions (*Mallin v. Good* (1981), 93 Ill. App. 3d 843, 845, 417 N.E.2d 858). There is an exception to this rule when the executory contract contains provisions collateral to and independent of the provisions in the subsequent deed. (*Hagenbuch v. Chapin* (1986), 149 Ill. App. 3d 572, 576, 500 N.E.2d 987.) Nor does the rule apply when the evidence clearly and convincingly proves that a misrepresentation or mutual mistake existed when the deed was delivered. (149 Ill. App. 3d 572, 576, 500 N.E.2d 987.) In determining whether and to what extent a contract has merged into a deed, we look to the intention of the parties and the surrounding circumstances. See *Biehl v. Atwood* (1986), 151 Ill. App. 3d 763, 766, 502 N.E.2d 1234.

■ The plaintiff contends that the issue of tax proration is independent of the passage of title to real property and depends solely upon the terms of the contract by and between the grantor and grantee. Initially, we note that the plaintiff has cited no persuasive authority for the proposition that the issue of tax proration generally is considered a collateral matter which is independent from the passage of title, nor have we discovered any case which supports that contention. Additionally, there is no evidence in the record that either party intended that the computation of real estate taxes be a separate and independent agreement which was collateral to the conveyance of the deed. Instead, it is clear that both parties contemplated the extinction of their contractual rights and duties upon the delivery of the deed. Consequently, because the plaintiff failed to prove that the tax prora-

tion was a collateral agreement, the circuit court correctly precluded its cause of action under the merger doctrine.

■■ ■ The plaintiff also contends that the common law theory of unjust enrichment entitles it to recovery of the overcredited real estate taxes from the defendant. A claim for unjust enrichment cannot stand where an express contractual agreement exists between the parties. (*Premier Electrical Construction Co. v. La Salle National Bank* (1984), 132 Ill. App. 3d 485, 496, 477 N.E.2d 1249.) Parties entering into a contract assume certain risks with the expectation of a beneficial return; however, when such expectations are not realized, they may not turn to a quasi-contract theory for recovery. (See *Industrial Lift Truck Service Corp. v. Mitsubishi International Corp.* (1982), 104 Ill. App. 3d 357, 361, 432 N.E.2d 999.) Here, the parties entered into an express contractual agreement for the sale of real estate. Therefore, the plaintiff cannot rely on the quasi-contract theory of unjust enrichment to recover its incorrect calculation of the tax proration. Plaintiff did not raise the issue of mutual mistake of fact in the trial court as a ground for recovery. We therefore do not address this issue.

Accordingly, for the reasons expressed above, the decision of the circuit court is affirmed.

Affirmed.

UNVERZAGT, J., concurs.

JUSTICE REINHARD, dissenting:

The doctrine of merger is inapplicable under the facts here. I, therefore, dissent. The principles in reference to merger are well settled. If the terms of a contract for sale of real estate are fulfilled by delivery of the deed, there is a merger; but, if there are provisions in the contract which delivery of the deed does not fulfill, then the contract is not merged in the deed as to such provision and the contract remains open for the performance of such terms. (*Chicago Title & Trust Co. v. Wabash-Randolph Corp.* (1943), 384 Ill. 78, 87, 51 N.E.2d 132.) The general statement of the exception to the contract doctrine of merger is that an executory agreement, verbal or written, for performance of distinct and separate acts, is not merged into a subsequent instrument which is executed in only part performance of the agreement's provisions, but remains in full force and effect as to provisions not performed. *Koelmel v. Kaelin* (1940), 374 Ill. 204, 209, 29 N.E.2d 106.

Here, the real estate sales contract between the parties provided that the taxes were to be based on the most recent ascertainable real estate taxes and prorated to the date of possession. This was to be determined by the parties at the closing upon proper documentation separate from the contract. There was an erroneous calculation of the prorated real estate tax credit. The doctrine of merger has no application to this type of error on a closing statement which is not in conflict with the contract. In fact, the contract contemplated that the taxes were to be separately calculated and prorated by the parties. This, obviously, presumes a correct calculation and, I believe, is what was intended by the parties. (See *Biehl v. Atwood* (1986), 151 Ill. App. 3d 763, 766, 502 N.E.2d 1234.) Thus, the proration of taxes is independent of the contract and was not merged into the deed upon delivery.

Moreover, as the doctrine of merger is not a popular one with modern courts, it will not apply where a mutual mistake occurs. (*Hagenbuch v. Chapin* (1986), 149 Ill. App. 3d 572, 576, 500 N.E.2d 987.) Although the majority concludes that plaintiff did not raise the issue of mutual mistake of fact below "as a ground for recovery," the fact is that defendants invoked the doctrine as a defense and they are thereby bound by any exceptions to the doctrine notwithstanding plaintiff's original pleadings. Both parties assumed the erroneous calculation was correct and, under the facts here, were mutually mistaken.

Plaintiff is entitled to reimbursement for the overpayment of real estate taxes caused by the erroneous calculation.