IN THE SUPERIOR COURT

**FILED**

March 17, 2020

TAMARA CHARLES
CLERK OF THE COURT

SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

JEROME MATTHEWS,

PLAINTIFF,

v.

R&M GENERAL CONTRACTORS, INC;
HECTOR ROSARIO; AND JACQUELINE
MERCEDES,

DEFENDANTS.

SX-13-CV-499

## ORDER

**AND NOW,** in accordance with the Memorandum Opinion of even date, it is hereby:

**ORDERED** that the Plaintiff's Motion for Reconsideration is **GRANTED IN PART, DENIED IN PART**; it is further

**ORDERED** that the Plaintiff file and serve a motion to amend accompanied by a proposed amended complaint with the Memorandum Opinion within **FOURTEEN (14) DAYS**. Upon approval of the proposed amended complaint by the Court, the Defendants will have an additional **FOURTEEN (14) DAYS** to file an amended answer.

**DONE and so ORDERED** this _____ day of March 2020.

HAROLD W.L. WILLOCKS
Presiding Judge of the Superior Court

ATTEST:
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor

Dated: _____

JEROME MATTHEWS,

PLAINTIFF,

v.

R&M GENERAL CONTRACTORS, INC;
HECTOR ROSARIO; AND JACQUELINE
MERCEDES,

DEFENDANTS.

SX-13-CV-499

Cite as: 2020 VI Super 033

*FOR PUBLICATION*

Appearances:

**JULITA K. DE LEON, ESQ.**[1]
Julita de Leon, PLLC
*For Plaintiff*

**K. GLENDA CAMERON, ESQ.**
Law Offices of K.G. Cameron
*For Defendants*

## MEMORANDUM OPINION

**WILLOCKS, Presiding Judge**

¶1 **THIS MATTER** is before the Court on the Plaintiff's Motion for Reconsideration of the Order of October 19, 2018 Dismissing the Plaintiff's Motion for Leave to Amend the Amended Petition (hereinafter "Motion for Leave to Amend") and Granting Defendants' Motion to Discharge and/or Remove *Lis Pendens* (hereinafter "Motion to Discharge Notice"). The Motion for Reconsideration was filed November 13, 2018. The Defendants filed an Opposition on December 4, 2018.

---

[1] At the publication of this opinion, Attorney de Leon has filed a Motion to Withdraw as Plaintiff's counsel.

# BACKGROUND

## A. Leave to Amend

¶2    On July 14, 2016, the Plaintiff moved the Court for a second amendment to the Amended Petition (hereinafter the "Amended Complaint"). In spite of the first amendment in 2015, the Plaintiff wanted a second amendment "to add facts that he did not know about earlier, and to add two [sic] additional counts that are consistent with existing facts." (Mot. for Leave to Amend the Amended Pet. 3.) The Plaintiff alleged that the additional facts are "curative," and that "the additional claims rely on facts already pleaded in the [Amended Complaint]." (*Id.*) The claims to be added were conversion, unjust enrichment, and breach of the duty of good faith and fair dealing. (*Id.* at 4.) The Plaintiff went on to state that "because the new claims arise out of the identical operative facts as the initial Petition, the amendment does not substantially change the theory on which the case has been proceeding nor would Defendants be required to engage in significant new preparation of this case for trial." (*Id.*)

¶3    In its Order dated October 17, 2018, the Court denied leave for a second amendment because the Plaintiff gave no indication of the nature of the facts that were allegedly recently discovered and because the claims for conversion, unjust enrichment, and breach of the duty of good faith and fair dealing, could and should have been included in the Plaintiff's first amendment. (Order of the Court at 3 (Oct. 17, 2018)). The Court determined that an additional amendment to the complaint would cause discovery delays and that the Plaintiff's new claims should have been brought when he was given the opportunity to do so in 2015 given their basis in facts that were--admittedly--already in his knowledge. (*Id.*)

¶4    The Plaintiff asserts that the Court misapplied Rule 15 of the Virgin Islands Rules of Civil Procedure and erroneously determined that an additional amendment to the Amended Complaint would cause undue delay. (Mot. for Reconsideration 1-2.) According to the Plaintiff, "the need for clarification arose from facts that Plaintiff acquired during the course of discovery [and] the additional

counts arose from allegations that were previously stated but became clearer with the advent of the additional facts." (*Id.* at 2.)

¶5    The Plaintiff argues that the rule allowing amendment of a complaint is narrow and that the Court's ruling "is contrary to the plain language and purposes of Rule 15 and contradicts the relevant case law, all of which require this Court to grant leave 'freely when justice so requires'...." (*Id.* at 3-4.) According to the Plaintiff, despite the delay that amendment will cause, there is no prejudice to the Defendants, and the Plaintiff should not be penalized for a lack of ruling on the Motion for Leave to Amend for two years after it was filed. (*Id.* at 4.) The Plaintiff also claims that the Defendants knew of the additional claims once the Motion for Leave to Amend was filed and could have conducted discovery appropriately since written discovery did not end until January 2018." (*Id.* at 4.)

¶6    The Plaintiff further alleges that the Court misread the Motion for Leave to Amend and disregarded the redlined version of the proposed second amended petition that the Plaintiff filed, causing the Court to determine that the Plaintiff had not indicated what additional facts may be included. (*Id.* at 5.) Upon further review, the Court notes that the Plaintiff submitted a redlined version of the proposed amendment on July 14, 2016. The Court has compared the proposed amendment to the Amended Complaint of 2015 and noted the relevant differences, discussed in more detail below.

¶7    Another of Plaintiff's arguments is that the new claims "are not new changes per se" but rather "new theories of recovery made clear by discovery." (*Id.*) Additionally, the Plaintiff states that "a review of the case relied upon by the Court confirms that the 'undue delay' determination focuses on the length of the time that has passed since Plaintiff filed his complaint." (*Id.* (citation omitted)). However, the Plaintiff then states that "no consideration was given to the two-year delay in addressing the Plaintiff's motion to amend...[n]or was there any consideration given to the fact that this was the second time that Plaintiff was requesting permission to amend his complaint and the request came during discovery." (*Id.* at 6.) The Court is uncertain whether these statements are contradictory

regarding the undue delay analysis, or whether the Plaintiff believes that a two-year delay in ruling on the motion somehow makes it more viable. Court will assume for the sake of argument that the Plaintiff believes the Court's decision to deny an additional amendment was based on the length of time between the filing of the proposed second amended petition in 2016 and the Court's ruling in 2018.

¶8     In response, the Defendants note that the Plaintiff's initial complaint--as well as the Amended Complaint--were filed with the assistance of counsel, though the Plaintiff attempts to give the impression that he lacked counsel entirely from 2013 to 2015. (Opp'n 6.) The Defendants also argue that the allegation that the Court improperly considered the burden to itself as undue is misguided because, pursuant to *Toussaint v. Stewart*, 67 V.I at 946-47, delay in seeking an amendment is undue when it places an undue burden on the trial court. (Opp'n 7.) The Plaintiff's allegedly new facts and claims also could have been brought at an earlier date, and these facts were not cited in the Motion for Leave to Amend or in the present Motion to Reconsider. (*Id.* at 8.) The Defendants indicate that a redlined proposed amended complaint does not appear on the record with exception to the one filed with the Amended Complaint. (*Id.*)[2] The Defendants further argue that the Plaintiff explicitly states in the Motion that his Amended Complaint and the proposed second amended complaint "are based on the same factual allegations," meaning that amendment is not necessary or is untimely. (*Id.* citing Mot. at 6.) Finally, the Defendants assert that the new claims are barred by the doctrine of futility. (Opp'n 9.)

### B. Release of *Lis Pendens*

¶9     Prior to commencing this action, the Plaintiff placed a Notice of *Lis Pendens* upon a parcel of real property owned by Defendant Mercedes. In an order dated October 17, 2018--but separate from that denying leave to amend--the Court ordered the notice released because it found no indication in the Amended Complaint that any of the Plaintiff's claims affect the title of Mercedes' property. (Order

---

[2] Here, the Court again notes that a redlined proposed second amended petition was filed with the Motion for Leave to Amend on July 14, 2016.

of the Court Granting Mot. to Discharge, 3-4 (Oct. 17, 2018)). The Plaintiff argued against discharging the notice *of lis pendens* on the grounds that he has a sufficient legal interest in the property because of his allegations that profits of R&M General Contractors, Inc. were used to purchase various real property on St. Croix and in the Dominican Republic. (Pl.'s Opp'n to Mot. to Discharge, 3 (May 25, 2017)). The Plaintiff also argued that the claims brought in his proposed second amended petition, which the Court did not approve, constitute an interest in the property because the claims involve the equitable recovery principles of unjust enrichment and constructive trust. (*See id.* at 4.) The Court considered the Motion for Leave to Amend immediately prior to the Motion to Discharge, and both orders were signed and entered the same day. Since the Court denied the Motion for Leave to Amend, the Court did not consider the argument pertaining to the equitable remedies in the proposed second amended petition. (Order of the Court Granting Mot. to Discharge at 2.)

¶10    According to the Plaintiff, the Court's simultaneous ruling created an injustice to the Plaintiff. (Mot. 6.) The Plaintiff states that because the Motion for Leave to Amend was pending for nearly a year before the Defendants filed the Motion to Discharge, "it was unclear whether the amended complaint was the operative complaint." (*Id.* at 7.) The Plaintiff further states that "the Court should have granted Plaintiff his motion for leave to amend and then decide [sic] the Defendants' motion to discharge the *lis penden* [sic]." (*Id.*) This is, in fact, what the Court did, though both rulings were entered the same day.

¶11    In the Opposition to the Motion for Reconsideration, the Defendants assert that the Plaintiff's complaint regarding the *lis pendens* "amounts to no more than 'mere disagreement with the Court's interpretation' of the law." (Opp'n at 10, citing *In re Estate of Melchior*, 2012 V.I. LEXIS 73, at *9 (V.I. Super 2012)). The Defendants state that the Plaintiff does not reference a legitimate reason--as outlined in Rule 6-4 of the Virgin Islands Rules of Civil Procedure--for the Court to reconsider its

position. (Opp'n at 10.) For the purposes of this Motion, the Court will assume that the Plaintiff's

Motion is based on a clear error of law.

## LAW

¶12     A motion to reconsider must be based on one of four principles: 1) a change in controlling law;

2) availability of new evidence; 3) the need to correct a clear error of law; or 4) failure of the court to

address a specific issue that was raised by a party prior to a ruling. V.I.R. Civ. P. 6-4. Here, the Plaintiff

alleges that the Court made errors of law. It is appropriate to grant a motion for reconsideration based

on error of law "'when the initial decision overlooked dispositive factual or legal matters presented to

it.'" *Smith v. Law Offices of Karin A. Bentz, P.C.*, 2018 V.I. LEXIS 13, *16 (V.I. Super. Ct. 2018)

(citing *O'Neal v. PMST, LLC*, 2012 V.I. LEXIS 62 (V.I. Super. Ct. 2012)). "Furthermore, when

assessing these types of motions for reconsideration, the Court looks for the moving party to offer the

specific legal authority it claims the Court either failed to apply correctly or failed to apply in totum in

its original decision." *Smith*, 2018 V.I. LEXIS at *16 (citing *Jefferson v. Grande Bay Resort

Condominium Ass'n, Inc.*, No. 2010-97, 2010 U.S. Dist. LEXIS 146841, *4).

## DISCUSSION

### A. Leave to Amend

¶13     The Plaintiff's Motion for Leave to Amend was made pursuant to Rule 15 of the Federal Rules

of Civil Procedure, prior to the adoption of the Virgin Islands Rules of Civil Procedure in March 2017.

Rule 15 of the Virgin Islands Rules of Civil Procedure is substantially similar or identical to Rule 15

of the Federal Rules of Civil Procedure. Pursuant to Rule 15, amendments made before trial, and which

cannot be made as a matter of course, require the written consent of the opposing party or leave of the

Court. V.I.R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "Under

this standard, amendment should be allowed in order to provide an opportunity to have any requests

for relief considered on the merits, if the assertions in the proposed amendment are the proper subject

for relief." *Toussiant v. Steward*, 67 V.I. 931, 944 (V.I. Sup. Ct. 2017) (discussing Superior Court Rule

8, which also indicates amendment should be permitted "when justice so requires"). "More succinctly, when the pleading presents a proper claim for relief, leave to amend should be freely given." *Id.*

¶14    Although the standard allowing amendment when justice so requires "is extremely liberal and strongly favors the granting of leave to file an amended pleading, the trial court has discretion to deny leave to amend due to reasons such as undue delay, bad faith or dilatoriness, repeated failures to correct any deficiencies in the pleading, futility of amendment, undue prejudice to the [non-]moving party, etc." *Toussaint*, 67 V.I. at 946 (citations omitted). Accordingly, the Court will undertake a three-prong analysis: 1) whether the proposed claims are proper claims for relief; 2) whether the Court has discretion to deny leave to amend; and 3) whether the Court's discretion was abused in denying leave to amend.

1.    The Plaintiff's proposed claims for conversion and unjust enrichment are not proper claims for relief.

¶15    A proper claim for relief is a claim upon which relief may be granted and is not futile. *Martinez v. Hess Oil Virgin Islands Corp.*, 69 V.I. 519, 528-29 (V.I. Super. Ct. 2018). If these are proper claims for relief, then the liberality of Rule 15 will apply.

*a)    Conversion*

¶16    The Plaintiff's first additional claim is for conversion, a tort claim. As put in *Pappas v. Hotel on the Cay Time-Sharing Association*, 69 V.I. 3 (V.I. Super. Ct. 2015):

> [c]onversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel. Thus, conversion consists of the wrongful exercise of dominion or control over the property of another in a manner inconsistent with that of the owner's rights. Also, the essence of conversion is not the acquisition of the property, rather it is the wrongful deprivation of that property. Consequently, the tort of conversion constitutes the exercise of wrongful dominion and control over the property to the detriment of the rights of its actual owner....It is uncontroverted that money, which is personal property, may be the subject of a conversion.

69 V.I. 3 (citations omitted).

¶17    Though by definition conversion would generally be appropriate where a party has claimed the loss of control of money to their detriment, it cannot be a proper claim of relief because it is barred by the gist of the action doctrine.

> The gist of the action doctrine is designed to maintain the conceptual distinction between breach of contract claims and tort claims by precluding plaintiffs from recasting ordinary breach of contract claims into tort claims. The difference between contract and tort claims [is] as follows: Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals.

*Pollara v. Chateau St. Croix, LLC*, 2016 V.I. LEXIS 49, *22-23 (V.I. Super. Ct. 2016) (adopting the gist of the action doctrine by *Banks* analysis).

¶18    The gist of the action doctrine bars tort claims:

> (1) arising solely from a contract between the parties;
> (2) where the duties allegedly breached were created and grounded in the contract itself;
> (3) where liability stems from a contract; or
> (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on [the] terms of a contract."

*V.I. Port Auth. v. Callwood*, 2014 V.I. LEXIS 11, *14 (V.I. Super. Ct. 2014).

¶19    In this case, the cause of action sounds in contract and the Plaintiff's claims are all based on the alleged breach of the agreement that he would receive forty percent of company earnings. (*See generally* Amended Complaint and Pl.'s proposed second amended complaint.) The conversion claim and the duties and liabilities claimed by the Plaintiff all arise from the contract. Therefore, the conversion claim is essentially a duplicate of the breach of contract claim which cannot succeed on its own and is therefore not a proper claim for relief.

*b)    Breach of the Duty of Good Faith and Fair Dealing*

¶20

> "Under the duty of good faith and fair dealing, 'every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.' Good faith means 'faithfulness to an agreed common purpose and consistency with the justified expectations of the other party; it excludes a variety of types of conduct characterized

as involving "bad faith" because they violate community standards of decency, fairness or reasonableness."

*Guardian Ins. Co. v. Khalil*, 63 V.I. 3, 21 (V.I. Super Ct. 2012).

¶21    Here, the Plaintiff has alleged breach of contract stemming from the Defendants' failure to share the proceeds of the contracting business. Since a duty of good faith and fair dealing attaches to every contract, the breach thereof constitutes a proper claim for relief.

c)  *Unjust Enrichment*

> "A cause of action for quantum meruit, also known as unjust enrichment, will ordinarily lie in a case where the defendant 'receive[s] something of value to which he is not entitled and which he should restore' to the plaintiff." *Walters v. Walters*, S.Ct. Civ. No. 2010–0040, —— V.I. ——, 2014 WL 1681319, at *3 (V.I. Apr. 28, 2014) (quoting *Maso v. Morales*, 57 V.I. 627, 635 n.9 (V.I.2012)); *see also Frank V. Pollara Grp. v. Ocean View Inv. Holding, LLC*, Civ. No. 9–60, 2013 WL 171087, at *2 (D.V.I. Jan. 10, 2013) (unpublished) ("Quantum meruit is the remedy for a quasi-contract under a theory of unjust enrichment; it is not a free-standing legal theory."). Unjust enrichment is an equitable quasi-contract cause of action, imposing liability where there is no enforceable contract between the parties "but fairness dictates that the plaintiff receive compensation for services provided." *Cnty. Commis of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 607 (Md.2000)(quoting *Dunnaville v. McCormick & Co.*, 21 F.Supp.2d 527, 535 (D.Md.1998)).

> Because unjust enrichment is an equitable remedy, it—like all equitable remedies—is inappropriate where a legal remedy is available. *See Mitsubishi Int'l Corp. v. Cardinal Textile Sales*, 14 F.3d 1507, 1518 (11th Cir.1994) ("It is axiomatic that equitable relief is only available where there is no adequate remedy at law."); *see generally* 1 DAN DOBBS, REMEDIES 750–52, 807–11 (2d ed.1993). Due to the unavailability of equitable remedies when a legal remedy is available, "[t]he general rule is that no [equitable] quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests," since legal remedies are available to a plaintiff in a breach of contract action. *Cnty. Commis of Caroline Cnty.*, 747 A.2d at 607. This doctrine, known as the "barred by contract rule," is based on "the principle that parties in contractual privity ... are not entitled to the remedies available under a judicially-imposed quasi contract.... because the terms of their agreement, express and implied, define their respective rights, duties, and expectations." *Frank V. Pollara Grp.*, 2013 WL 171087, at *2 (quoting *Delta Elec. v. Biggs*, Civ.App. No.2006–0104, 2011 WL 4463211, at *3 (D.V.I.App.Div. Sept. 23, 2011)). Accordingly, "[a] claim for unjust enrichment cannot stand where an express contractual agreement exists between the parties." *Batler, Capitel & Schwartz v. Tapanes*, 517 N.E.2d 1216, 1219 (Ill.App.Ct.1987); *see also Klein v. Arkoma Prod. Co.*, 73 F.3d 779, 786 (8th Cir.1996) ("Normally, when an express contract exists between the parties, unjust enrichment is not available as a means of recovery.").

*Cacciamani & Rover Corp. v. Banco Popular de Puerto Rico*, 61 V.I. 247, 251 (V.I. Sup. Ct. 2014) (footnotes omitted).

¶22     Like conversion, unjust enrichment is not a proper claim for relief. Though the Defendants may have received something of value (e.g. money or property) to which they are not entitled, the Plaintiff's cause of action is in contract law, not equity. The Plaintiff alleges the existence of a contract between the parties which demands that the revenues of the business be divided forty percent to the Plaintiff, forty percent to Defendant Rosario, and twenty percent to Defendant Mercedes. (Amended Compl. ¶10.) As per the Plaintiff's proposed second amended complaint, "Defendants have failed to give Plaintiff his 40% and retained Plaintiff's 40% for themselves. As a result, Defendants have been unjustly enriched at the expense of Plaintiff." (Pl.'s Proposed Second Amended Verified Petition at ¶¶ 82-84). Since the Plaintiff has alleged a violation of contract, there is a proper remedy at law and to bring a duplicate claim in equity such as unjust enrichment is prohibited in this matter. Unjust enrichment is therefore not a proper claim for relief.

2.  The Court can exercise its discretion to deny leave to amend because of undue delay and dilatoriness.

¶23     As per the above discussion, only one of the Plaintiff's three proposed claims is a proper claim for relief. As such, the Court is not required to give leave to include the claims for conversion and unjust enrichment. With regard to breach of the duty of good faith and fair dealing, the Court's next inquiry is whether it has discretion pursuant to the factors outlined *Toussaint* to deny leave to amend in spite of the general liberality of Rule 15.

¶24     The Court may consider the following non-exclusive factors in exercising its discretion to deny amendment to a pleading: "undue delay, bad faith or dilatoriness, repeated failures to correct any deficiencies in the pleading, futility of amendment, undue prejudice to the [non-]moving party, etc." *Toussaint*, 67 V.I. at 946 (citations omitted).

The passage of time alone is not undue delay. Delay in seeking to amend a pleading becomes undue when allowing the amendment places an unwarranted burden on the trial court. Whether allowing an amendment to a pleading will unduly burden the trial court involves consideration of the number of opportunities to amend that have been granted by the trial court, the reasons for and the purposes of prior amendments, the stage of the litigation, and other appropriate factors relating to the trial court's management of the case specifically and its docket and procedures generally. *Id.* at 946-47 (citations omitted.

¶25     In its ruling of October 17, 2018, the Court denied leave to amend because of undue delay. (*See* Order Denying Leave to Amend at 3, Oct. 17, 2018). The Court noted that the Plaintiff had already had an opportunity to amend and that the case had progressed so significantly that the inclusion of additional claims would unnecessarily postpone trial. (*Id.*) The Plaintiff stated in his Motion for Leave to Amend, and in the present Motion for Reconsideration that the new claims are based on facts previously known. (Mot. to Amend at 3; Mot. for Reconsideration at 5-6.) He also alleges that the new claims do not substantially alter the theory of recovery. (Mot. for Reconsideration at 5.) Since two of the three claims are not even viable, the Court has to agree that the theory of recovery is not substantially altered. The only proper claim for relief is breach of the duty of good faith and fair dealing, and that is already implied in contract.

¶26     In fact, for each of the new claims the Plaintiff essentially reiterates that pursuant to the by-laws of the corporate agreement, the Plaintiff has a right to forty percent of company earnings and that the Defendants wrongfully withheld his portion to his detriment (Pl.'s Proposed Second Amended Verified Petition ¶¶78-89). There are no new relevant facts stated by the Plaintiff that give additional support any of the claims. The most significant addition to the alleged facts that the Court can find is the allegation that the Plaintiff was contacted by an employee of the Department of Licensing and Consumer Affairs in 2012 regarding a complaint against the company, and this contact alerted Plaintiff to the Defendants' alleged wrongdoing. (*Id.* at ¶¶ 15-17.)

¶27    Even though the Plaintiff has only amended the complaint once, these alleged facts have been known to the Plaintiff since 2012 and the Court is of the opinion that the proposed claims for conversion and breach of the duty of good faith and fair dealing could and should have been included in the 2015 amendment. The Court finds undue delay and dilatoriness because each claim, even those which are not proper claims for relief, could have been brought in the 2015 amendment. Even a minor amendment to the pleadings will require the Court to give the Defendants an opportunity to respond which will stretch this case even further, requiring changes to the joint scheduling order and to the Court's calendar.

¶28    The Court has also considered the other factors articulated in *Toussaint* and can find no indication of bad faith or of repeated failure to correct deficiencies since this is not a matter of the petitions being procedurally deficient, but rather the Plaintiff seeking to make additional claims. The Court also cannot make a finding of undue prejudice to the Defendants because the Court would give them the opportunity to respond to the amendment and to conduct discovery as necessary.

¶29    With regard to futility, "the Court considers if the proposed amendment is frivolous, would be barred by the statute of limitations, or would survive a motion to dismiss...." *Abdallah v. Abdel-Rahman*, 2015 V.I. LEXIS 102, *13 (V.I. Super. Ct. 2015). *See Hartzog v. United Corp.*, 2011 V.I. LEXIS 95, *10 (V.I. Super Ct. 2011) (stating that "[f]utility refers to the complaint, even after amendment, failing to state a claim upon which relief could be granted"), citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). As already established, the Plaintiff's claims for conversion and unjust enrichment are not proper. They would not survive a motion to dismiss because the cause of action does not support a quasi-contractual claim like unjust enrichment and the Plaintiff cannot merge tort claims with contract claims. However, breach of the duty of good faith and fair dealing would survive because the second proposed amended complaint is well-pleaded and the

Plaintiff's alleged facts, taken as true, sufficiently support the inclusion of this particular claim. In addition, Virgin Islands precedent makes clear that such a duty is implied in every contract.

¶30    In sum, the claims for conversion and unjust enrichment are not proper claims for relief and it would be futile to include them in the second proposed amended complaint. Further, though breach of the duty of good faith and fair dealing is a proper claim, to give leave to amend cause undue delay and place additional burden on the Court. The final question is whether, in light of these circumstances, the Court abused its discretion in denying leave to amend.

    3.  <u>The Court did not abuse its discretion in denying leave to amend but will allow the Plaintiff to include a claim for breach of the duty of good faith and fair dealing.</u>

¶31    "A trial court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicial recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Molloy v. Independence Blue Cross*, 56 V.I. 155, 168 (V.I. Sup. Ct. 2012), quoting *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009).

¶32    In this case, the Court did not deny leave to amend arbitrarily or irrationally and provided justification for its decision. The Court noted in its ruling that leave to amend should be freely given subject to the factors discussed above, including undue delay. For this reason, the Court also did not commit an error of law but rather exercised its sound discretion. The Court also stated that the Plaintiff did not give an indication as to the nature of the new claims and facts to be added to the complaint. Upon review the Court has noted the differences between the Plaintiff's Amended Complaint and proposed second amended petition and has found the changes to be minimal other than the inclusion of the three new claims, two of which are not proper claims for relief. The Plaintiff does not add any relevant supporting facts but merely restates those previously known.

¶33    In light of all the circumstances, it is apparent that the Court did not abuse its discretion and, though the Court admits that it did initially overlook dispositive legal matters presented by the

Plaintiff--namely that conversion and unjust enrichment are not proper claims for relief--that oversight did not harm the Plaintiff because to have considered the claims more thoroughly as done here would not have been to the Plaintiff's benefit. However, having now reviewed the new claims and determined that the only viable claim is for breach of the duty of good faith and fair dealing, which should not require any additional discovery on the part of the Defendants due to its implied nature, the Court shall allow the amendment as to that particular claim and give the Defendants time to respond to it. The Court will order the Plaintiff to submit a new proposed amended complaint in accordance with this opinion that will be approved upon review.

## B. Discharge of the Notice of *Lis Pendens*

¶34    The Plaintiff also requests that the Court reconsider its order to remove the Notice of *Lis Pendens* placed on a parcel of real property belonging to Defendant Mercedes. The Plaintiff takes issue with the Court's ruling because he believes that the Court's simultaneous consideration of the Motion for Leave to Amend and the motion to discharge the notice caused him prejudice. (Mot. to Reconsider at 6.) The Court can think of no way in which the Plaintiff was prejudiced. As the Plaintiff points out, the Court may consider motions in whichever order it chooses. (*Id.*) Regardless, the Motion for Leave to Amend was considered before the Motion to Discharge.

¶35    Further, the Plaintiff's opposition to the motion to discharge relied on the argument that his proposed second amended complaint gave him a legal interest in the property, particularly the allegation that company profits were used to purchase various real property. However, the property in question was never identified in any version of the complaint. The Plaintiff also asserts that his claim for unjust enrichment and a request for a constructive trust in the proposed second amended complaint constitutes legal interest in the property. The Court wholly disagrees. As already discussed at length, unjust enrichment is not a proper claim for relief upon a contract cause of action. Even if it were proper in this case, the claim would still not affect title to any defendant's property.

¶36    A notice of *lis pendens* is a notice that there is a court action affecting title to real estate or a judgment requiring the execution of a conveyance of real estate. *See* 28 V.I.C § 130. In other words, "[a] notice of *lis pendens* makes the public aware that certain property is the subject matter of litigation. *SBP, I, LLC v. Family Props. Caribbean, LLC*, 2010 V.I. LEXIS 76, *3, citing Black's Law Dictionary, at 950 (8th ed. 2004). Thus, *lis pendens* is appropriate in cases such as those involving an action for specific performance to purchase real property, declaration of the existence or extinguishment of an easement appurtenant, or interpretation of covenants that run with the land, etc. *SBP, I, LLC*, 2010 V.I. LEXIS at *3-4 (stating that classic example where a notice of *lis pendens* is warranted in is a case for specific performance requiring the conveyance of property), citing *Del Valle v. Mortgage Bank of California*, 2009 U.S. Dist. LEXIS 105898, at *25 (E.D. Cal. 2009); *Ross v. Canada Life Assurance Co.*, 1995 U.S. Dist. LEXIS 18623, at *5 (E.D. Pa.1995). *E. St. Croix Beach Club v. Caribe Isle*, 17 V.I. 119, 122 (Terr. Ct. 1980) (finding that an easement appurtenant is "incidental to any estate the possessor of the dominant tenement may have"); *Bd. of Dirs. v. Consol. Int'l*, 28 V.I. 57, 73 (Terr. Ct. 1993) (finding that an unfavorable ruling regarding covenants that run with the land would be prejudicial to successors in interest to property).

¶37    *Lis pendens* is not appropriate in the present contract dispute because whether the Defendants breached the contract does not affect the title to Defendant Mercedes' property. Even if the Plaintiff receives a favorable judgment, the Plaintiff will be entitled to monetary damages, not equitable relief in the form of conveyance of property. Moreover, the Court has given the Amended Complaint and the proposed second amended petition thorough review and can find absolutely no reference made by the Plaintiff to a constructive trust. Ultimately, whether the Plaintiff has requested a constructive trust as a remedy is a non-issue because his prayers for relief include any relief the Court deems appropriate.

¶38    The Plaintiff also asserts in the Motion to Reconsider that the time period between when the motions to amend and to release the notice of *lis pendens* were filed, and when they were ruled on

prejudiced the Plaintiff because the Plaintiff thought he could rely on his proposed second amended complaint to support his argument against discharging the notice. (Mot. for Reconsideration at 6-7.) This argument is also unpersuasive. The Court has already discussed how the proposed amendments do not support the filing of a notice of *lis pendens*. Beyond that, it is unreasonable for a litigant to believe that an unapproved amended complaint is operative.

¶39 In granting the Defendants' motion to discharge the notice of *lis pendens*, the Court considered whether any of the Plaintiff's claims affect real property and found that they do not. The Court also noted that judgment would not be made hollow if the notice of *lis pendens* was discharged because the Plaintiff's potential recovery is not tied to any specific real property but rather to monetary compensation in general. The Court further reminded the Plaintiff that a favorable judgment would give the Plaintiff the opportunity to file a judgment lien against the property if necessary. Finally, in requesting reconsideration, the Plaintiff offered no legal authority that he claims the Court failed to apply or apply correctly. Thus, the Court's ruling did not involve a clear error of law and the Court will not reconsider its ruling.

## CONCLUSION

¶40 As discussed above, the Court has reviewed its denial of the Plaintiff's 2016 Motion for Leave to Amend and its grant of the Defendants' 2017 Motion to Discharge. With regard to the leave to amend, the Court has more thoroughly considered the Plaintiff's proposed changes and determined that two of the three additional claims he wishes to bring are not proper claims for relief. However, the Court has found that the claim for breach of the duty of good faith and fair dealing is proper and--even though the Court maintains its position that there was no error of law or abuse of discretion in denying leave to amend--will allow the new claim because to do so will not unduly burden the Defendants and the time needed to fully respond to the amended pleading should be minimal.

¶41    With regard to the discharge of the notice of *lis pendens*, the Court will not reconsider its position because *lis pendens* is not appropriate in a case such as this where the litigation does not affect the title to real property. In granting the discharge, the Court has considered local jurisprudence on the matter and is confident that it has not committed an error of law. An order consistent with this opinion is forthcoming.

**DONE and so ORDERED this _____ day of March 2020.**

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor

Dated: _____